586 P.2d 971

**The STATE of Arizona, Appellee,**

v.

**Kenneth Malcolm BLY, Jr., Appellant.**

**No. 4262.**

Supreme Court of Arizona,
In Banc.

Oct. 17, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

John C. Stallings, Prescott, for appellant.

CAMERON, Chief Justice.

This is an appeal from a revocation of probation in absentia and a sentence of two to three years in the Arizona State Prison.

We must answer two questions on appeal:

1. Was the probation of the defendant properly revoked?
2. Was the defendant properly sentenced?

The facts necessary for a determination of this matter are as follows. On 17 February 1976, the defendant Kenneth Malcolm Bly, Jr., pursuant to a written plea agreement, entered a plea of guilty to the crime of insufficient funds checks, a felony, in violation of A.R.S. § 13–316. On 29 March 1976, defendant was adjudged guilty of the crime of insufficient funds checks and imposition of sentence was suspended for a period of three years and the following conditions, among others, were imposed:

1. that defendant report monthly to the Adult Probation Department;

2. that defendant advise the Adult Probation Department of his residence address and place of employment;

3. that defendant not change his place of residence without first securing the approval of the Adult Probation Department; and

4. that defendant pay, within a three month period, the amount of $753.60 as restitution.

The adult probation officer had a face-to-face conversation with the defendant on 29 March 1976 and thereafter received three

written reports from the defendant for the months of April, May, and June. On 13 July 1976, a petition for revocation of probation was filed. A bench warrant was issued for defendant's arrest but defendant was not located nor taken into custody. More than one year later, on 14 September 1977, a petition for revocation of probation in absentia pursuant to Rule 27.9, Rules of Criminal Procedure 1973, as amended 1977, was filed. The petition was filed by the adult probation officer responsible for defendant's conduct and verified by said probation officer. The petition contained the following:

"This probationer's whereabouts have been unknown to the Yavapai County Adult Probation Office since the receipt of his last monthly report received in the probation office on June 10, 1976.

"Since the issuance of the bench warrant on June 15, 1976, officers of the Prescott Police Department, Prescott, Arizona, have made numerous attempts to locate and apprehend the defendant, which have ended with no results. These officers have also contacted the defendant's mother who resides in Prescott without learning of the defendant's whereabouts. "Deputy Sheriffs of the Yavapai County Sheriff's Office have made repeated attempts to locate and arrest the defendant in Prescott, Arizona, through contacts with the defendant's mother at the address of 2021 Idylwild Street, Prescott, Arizona, the last contact being on May 5, 1977, and also through his last known address, the Yorktown Village, Bagdad, Arizona, and last known place of employment, the Brown and Root Company, Bagdad, Arizona, without results.

"A Yavapai County Sheriff's Deputy has reported that the defendant was employed by Brown and Root Company, Bagdad, Arizona, on November 5, 1975, and that his employment terminated on June 21, 1976, the reason for the termination being that the defendant was not reliable. This Deputy's investigation further revealed that the defendant moved from his last known address, the Yorktown Village, Bagdad, Arizona, on June 23, 1976.

"Yavapai County Deputy Sheriffs have continually been on the lookout for the defendant since the issuance of the bench warrant on July 15, 1976, which has ended without results in locating the defendant or determining any new address for him.

"Information regarding the bench warrant issued on the defendant has been filed with the National Crime Information Center by the Yavapai County Sheriff's Office.

"This Petitioner has repeatedly viewed and observed the surrounding premise of the defendant's mother's residence located at 2021 Idylwild Street, Prescott, Arizona, two to three times weekly since the defendant absconded or fled from this area over one year ago. The observations did not discover any unusual activity surrounding the mother's residence and the defendant has not been observed coming or going from this residence."

The petition also alleged that the defendant violated the following conditions of probation:

1. the defendant failed to continue to submit written reports to the probation officer, this failure continuing for more than one year starting with the month of July, 1976;

2. the defendant failed to advise the probation officer of his place of employment or residence, this failure continued for more than one year starting with the month of July, 1976;

3. defendant failed to secure probation officer's permission to leave the jurisdiction; and

4. defendant failed to timely pay the court ordered restitution.

The return receipts were filed indicating that the notices were timely mailed, but that the defendant never received the mailings or had notice of the "petition for revocation of probation in absentia."

Defendant was represented by counsel at the hearing and testimony was taken. Pro-

bation was revoked from which defendant appeals.

## WAS THE PROBATION PROPERLY REVOKED?

Rule 27.9 of the Rules of Criminal Procedure provides that a proceeding to revoke probation in absentia may be commenced after the probationer's whereabouts are unknown to the probation officer for at least 60 days, his probation officer has reasonable cause to believe that the probationer has violated a written condition of his probation and that efforts have been made to locate the probationer. Section (c) of Rule 27.9 provides that the court shall issue an order to show cause directing the probationer to appear in not less than 10 nor more than 60 days after the petition is filed and Section (d) provides that service of process shall be effected under Rule 4(d) or 4(e)(2) of the Rules of Civil Procedure. Subsection (2) of section (e) provides:

"(2) Nonappearance of probationer. If the probationer fails to appear at the time set for the hearing and the court is satisfied that reasonable efforts have been made to give the probationer notice, it may

(i) Hear evidence in support of each allegation of violation;

(ii) Make specific findings of each violation; and

(iii) Revoke probation."

The State contends that the rule was strictly followed; that they made a good faith attempt to locate the defendant. The record supports this allegation. The prosecutor at the hearing was, however, admittedly concerned with the requirement that an attempt be made to serve the defendant at the last known address:

"And the problem with the entire Rule 27.9 is that from the very start you are presupposing the fact that the Probationer's whereabouts are unknown and then within the rule the State Supreme Court apparently is asking that you effectuate service."

■ We are aware that there appears to be a conflict between the requirement that the State show that the whereabouts of the defendant is unknown and service pursuant to Rule 4(d) or 4(e)(2). When read with the purpose of the rule, this conflict disappears. Rule 27 of the Rules of Criminal Procedure requires a good faith effort to locate the probationer. If he cannot be found, service must be made pursuant to Rule 4(d) or 4(e)(2) of the Rules of Civil Procedure. The probationer has a positive duty, as a condition of his probation, to keep the probation officer informed of his whereabouts. The fact that he disappears without a trace should be sufficient to allow the court to revoke his probation. The additional requirement that the State attempt to notify the probationer by way of service either in person or by registered mail provides a method whereby the probationer may receive notice of the proceeding and allow him to respond. It is immaterial that the probationer, having left without permission, may not be located in this manner. The rules require the extra effort in the hope that the probationer will be notified. This was done in the instant case.

■ A probationer has certain positive duties in regard to his probation which he agrees to as a condition of his probation. The probationer has the positive duty to keep the adult probation officer apprised of his whereabouts. When he fails to do this there is a prima facie case made that he has violated the terms of his probation. We believe the probation was properly revoked.

## WAS THE SENTENCING PROPER?

Rule 27.9(e)(2) provides that if the probationer does not appear the court may, and if the court is satisfied that reasonable efforts have been made to give the probationer notice, it may

"(i) Hear evidence in support of each allegation of violation;

(ii) Make specific findings of each violation; and

(iii) Revoke probation."

■ The court did all three things it was allowed to do under the rule. However,

Rule 27.9 does not allow a probationer whose probation has been revoked in absentia to also be sentenced in absentia. Absent authority to do so, the court could not sentence the probationer. Sentencing will have to wait until the probationer is taken into custody and is then before the court.

The revocation of probation is hereby affirmed, the sentence imposed is set aside, and the matter is remanded for sentencing pursuant to this opinion.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.