585 P.2d 1235

The STATE of Arizona, Appellee,

v.

Wayne ALEGRE, Appellant.

The STATE of Arizona, Appellee,

v.

Michael James DAVIS, Appellant.

No. 4249.

Supreme Court of Arizona,
In Banc.

Oct. 17, 1978.

John A. LaSota, Jr., Atty. Gen., Phoenix by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant Alegre.

Donald H. Bayles, Jr., Asst. Public Defender, Tucson, for appellant Davis.

CAMERON, Chief Justice.

Michael James Davis and Anthony Alegre appealed from a revocation of probation pursuant to Rule 27.9 of the Rules of Criminal Procedure 1973, 17 A.R.S., as amended 1977, and sentencing thereon. The matters were consolidated for purposes of appeal.

We need answer only one question on appeal and that is whether the probation of the petitioners was properly revoked.

Defendants, Michael James Davis and Wayne Anthony Alegre, were both placed on probation after being adjudged guilty of a felony. In addition to the usual conditions of probation, the defendants were sentenced to serve one year in the Pima County Jail where they were placed on a work furlough program. This program allows the prisoner to work outside during the day and then return to custody each evening. On 21 May 1976, the defendants failed to return to the Pima County Jail following completion of their work furlough responsibilities for the day. They have not been heard from since by the Pima County Probation officers or the police authorities in Pima County.

A petition to revoke probation was filed in the matter of Michael James Davis on 4 January 1977 and on the 7th day of December 1976 for Wayne Anthony Alegre. Rule 27.9 provides that proceedings to revoke probation in absentia may be commenced after the probationer's whereabouts are un-

known to a probation officer for at least 60 days and the probation officer has reasonable cause to believe that the probationer has violated the written conditions and regulations of probation. Rule 27.9(b)(2) states:

"(2) The petition shall be verified and shall include:

(i) Each violation of the terms and regulations of probation.

(ii) An allegation that the whereabouts of the probationer are unknown.

(iii) Efforts made to locate the probationer.

(iv) The probationer's last known address."

If the court finds the petition to be in order, it shall issue an order to show cause directing the probationer to appear at an appropriate time. Rule 27.9 further provides:

"d. *Service of Process.* Service of process shall be effected under Rules 4(d) or 4(e)(2), Rules of Civil Procedure."

In the instant case, the petitions filed in the case of Michael James Davis and Wayne Anthony Alegre by the probation officer were not verified as required by the rule, and although an order to show cause was issued and service of process was attempted pursuant to Rules 4(d) and 4(e)(2) of the Rules of Civil Procedure, 16 A.R.S., at the time of the hearing at which the probationers did not appear, there was only a discussion by the various participants regarding the absence of the defendants. The record shows that the probation officer did not appear, that no evidence was taken in support of the allegation of violations and that specific findings of fact on each violation were not made.

 Rule 27.9, revocation of probation in absentia, is a necessary and constitutional rule where the probationer absents himself from the jurisdiction contrary to the written terms of his probation and cannot be found. Because of the extreme nature of the remedy, however, there must be strict compliance with the rule. This was not done in the instant case. We therefore hold that the court did not have jurisdiction to revoke probation in this case.

Revocation of probation is set aside.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.