600 P.2d 1114

**The STATE of Arizona, Appellee,**

v.

**Ronald C. LOVELL, Appellant.**

**No. 2 CA–CR 1432–2.**

Court of Appeals of Arizona, Division 2.

Dec. 5, 1978.

Rehearing Denied Jan. 17, 1979.

Review Granted Feb. 6, 1979.

---

2. See, Rule 7(e), Rules of the Supreme Court.

John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Benjamin W. Lazarow, P. C., by Benjamin W. Lazarow, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant brings this appeal to challenge the revocation of his probation and the imposition of a term of imprisonment of six to eight years and a fine of $16,800 for his conviction of unlawful possession of marijuana for sale in violation of A.R.S. § 36–1002.06.

Appellant had been placed on probation for a period of 10 years to commence on November 18, 1976, and because he wanted to serve probation in Massachusetts, arrangements were made under the Interstate Compact for the Supervision of Parolees and Probationers, A.R.S. § 31–461, et seq. By letter dated June 20, 1977, a probation officer for the Probation Department of the Superior Court for Middlesex County, Cambridge, Massachusetts, informed the Interstate Parole Compact Administrator for Arizona that appellant had been charged with a criminal offense in Massachusetts. On August 9, 1977, appellant was found guilty in Massachusetts of possession of a controlled substance with intent to distribute. On August 26, the Pima County Adult Probation Department received additional information concerning appellant's Massachusetts conviction, and on September 20 a petition to revoke appellant's probation was filed in the Pima County Superior Court and a bench warrant was issued for his arrest. On October 12, an employee of the Pima County Attorney's office forwarded the petition and the warrant to the Sheriff of Middlesex County. The Pima County Attorney's office was informed that appellant was not in custody.

A hearing on the petition to revoke probation was set in Pima County Superior Court for January 16, 1978, at which time appellant was not present. On motion of the state, the hearing was continued to

February 15. The court requested that the Massachusetts authorities be asked to find out why the warrant had not been served.

On January 20, an officer of the Pima County Adult Probation Department phoned the Polk County Probation Department, urging it to serve the warrant and inquiring when the last contact with appellant had occurred. He was informed that appellant had not been contacted recently and that his last communication with the Massachusetts authorities had taken place around November 23, 1977, at which time appellant had been informed by phone of the petition and warrant and was told to return to Arizona.

On February 8, a hearing was held on the request of appellant's counsel to continue the hearing set for February 15. Counsel advised the court that he had been in contact with appellant after the last hearing, and that appellant said he had not received notice of it but was willing to appear on March 15. The court denied appellant's motion to continue. At the hearing on February 15, appellant appeared through counsel only. Evidence was taken and the court found that appellant had violated the terms of his probation and sentenced him.

Appellant complains that he was denied his due process right to notice of the revocation hearing because the court did not follow the procedure outlined in 17 A.R.S. Rules of Criminal Procedure, rule 27.9. Rule 27.9, however, is only concerned with the situation where the probationer's whereabouts are unknown and the problem of giving notice to the probationer is present. *State v. Bly,* 120 Ariz. 410, 586 P.2d 971 (1978). Such is not the case here, where the Massachusetts authorities had been in contact with appellant as late as November 23, and had informed him of the petition to revoke his probation. The record shows that defense counsel received a written copy of the petition to revoke probation containing the allegations which formed the basis for revocation. In addi-

tion, counsel knew where appellant could be reached and had communicated with him prior to the February 15 hearing which appellant declined to attend for "business reasons."

■ Due process afforded by case law and the rules requires that a probationer have notice of the revocation hearing and be informed of the grounds for revocation.[1] Appellant had actual notice of both. It was his prerogative to forgo attendance at the revocation hearing, and the revocation and sentencing in his absence was proper. 17 A.R.S. Rules of Criminal Procedure, rules 9.1 and 26.9. The court, having placed him on probation, had continuing jurisdiction over him. The due process requirement of notice was satisfied.

■ Appellant complains that the evidence was insufficient to show a probation violation. Reliable hearsay, however, is admissible and probation may be revoked exclusively on hearsay testimony. *State v. Valenzuela,* 116 Ariz. 61, 567 P.2d 1190 (1977). A letter from the probation officer in Massachusetts to Pima County's chief probation officer showed that appellant had been convicted of a narcotics offense in Massachusetts. The admission of such hearsay was proper and violation of appellant's probation was shown by a preponderance of the evidence.

■ The last contention is that the trial court did not act impartially because the court, after being informed by the probation department of appellant's violation, apparently instructed the department to initiate revocation proceedings. Appellant argues that because the probation officer had prior contact with the court and the court agreed that a petition be filed, the court was biased and prejudiced. There has been no showing that the judge was biased and prejudiced against appellant. *See State v. Turnbull,* 114 Ariz. 289, 560 P.2d 807 (App. 1977). In addition, appellant never made any effort to challenge the judge for cause

---

1. Rule 27.5(b), Rules of Criminal Procedure, provides that the probationer's attendance *may* be secured by either a summons or by arresting him. This rule provides for his attendance and does not involve notice requirements.

and we deem this point waived for purposes of appeal.

Our review of the entire record reveals no reversible error.

The order revoking probation and sentence are affirmed.

HOWARD and HATHAWAY, JJ., concur.