600 P.2d 1099

**STATE of Arizona, Appellee,**

v.

**Ronald C. LOVELL, Appellant.**

**No. 4547–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 14, 1979.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Benjamin W. Lazarow, P. C., Tucson, for appellant.

GORDON, Justice:

Defendant Ronald C. Lovell petitioned this Court to review the decision of the Court of Appeals in *State v. Lovell*, 123 Ariz. 482, 600 P.2d 1114 (App.1978). Having jurisdiction pursuant to A.R.S. § 12–120.24, we granted the petition, and we now vacate the opinion of the Court of Appeals.

On November 18, 1976, defendant was placed on probation for ten years by the Pima County Superior Court following his conviction of a felony. He was permitted to serve his probation period in Massachusetts under the Interstate Compact for the Supervision of Parolees and Probationers, A.R.S. § 31–461, *et seq.* By a letter dated August 26, 1977, Mr. Paul O'Connor, a probation officer in Massachusetts, advised the Probation Office in Pima County that on August 9, 1977, defendant had been convicted of an offense under the law of Massachusetts. The commission of the offense was in violation of several written conditions of defendant's probation.

On September 20, 1977, a petition to revoke defendant's probation was filed in Pima County Superior Court, and a bench warrant was issued for defendant's arrest. The Pima County Attorney's Office contacted the Massachusetts authorities to arrest defendant and have him extradited to Arizona. On December 30, 1977, although the warrant had not been executed in Massachusetts, the Pima County Superior Court ordered a hearing for January 16, 1978, to determine whether defendant had violated any conditions of his probation.

At the January 16, hearing, the state, troubled by defendant's absence, moved to have the hearing continued until February 15, 1979. It appears from the record that the state expected to proceed with revocation in absentia as provided by 17 A.R.S. Rules of Criminal Procedure, Rule 27.9. The state was concerned that as of January 16, 1978, defendant's whereabouts had not yet been unknown to his probation officer for sixty days as required by Rule 27.9(a). The Court granted the motion to continue.

At the January 16 hearing, defendant was represented by the same counsel who had represented him in the proceedings concerning his original felony conviction (although counsel had not been retained by defendant for the revocation hearing). The attorney had received a written copy of the revocation petition.

In a letter dated January 23, 1978, Mr. O'Connor informed the Pima County Adult Probation Department that his last contact with defendant had been by telephone on or about November 23, 1977. Mr. O'Connor wrote that he had informed defendant of the bench warrant and had advised him to return to Arizona.

At a hearing on February 8, 1978, defendant's counsel told the Court that he had spoken with defendant by telephone since the January 16 hearing but that he did not know where defendant could be located. Defendant had said that he had not received the written notice his counsel had

sent to him and that he would be unable to come to the February 15th hearing because he could not get his "business affairs" in order. Defendant asked his counsel to move the Court to continue the February 15 hearing until March 15, 1978. The Court denied the motion.

On February 15, 1978, in a hearing from which defendant was absent, the Pima County Superior Court heard evidence on the efforts of the Pima County Adult Probation Department to locate defendant, and the Court found that the state had made reasonable efforts to give defendant notice of the revocation hearing. The Court then heard evidence of the alleged probation violations by defendant, and it found that defendant had violated two conditions of his probation. The Court then revoked defendant's probation and sentenced him to a term of six to eight years imprisonment and fined him $16,800.

The petition to revoke defendant's probation, filed on September 20, did not meet all of the requirements of Rule 27.9(b). An order to show cause was not issued by the Superior Court as required by Rule 27.9(c). No effort was made to effect service of process as required by Rule 27.9(d).

There are three issues before this Court:

(1) Whether the Court of Appeals erroneously concluded that the Superior Court had the authority to revoke defendant's probation and to sentence him.

(2) Whether the Court of Appeals incorrectly determined that the Superior Court's decision to revoke defendant's probation was based on sufficient evidence.

(3) Whether the Court of Appeals erred in finding that the Superior Court judge was unbiased.

Because we decide that the Superior Court acted without authority, we find it unnecessary to consider the second and third issues.

The Court of Appeals reasoned that since there had been contact with defendant by his Massachusetts probation officer on November 23, 1977, and by his counsel between January 16, and February 8, 1979, defendant's whereabouts were not unknown as required to invoke revocation in absentia, 17 A.R.S., Rules of Criminal Procedure, Rule 27.9(a). Since defendant had received actual notice of the revocation hearing and since his attorney had received a copy of the petition to revoke, the Court of Appeals concluded that defendant had waived his presence for both the revocation and sentencing proceedings under 17 A.R.S., Rules of Criminal Procedure, Rules 9.1 and 26.9. We cannot agree.

Rule 9.1, 17 A.R.S., Rules of Criminal Procedure, which concerns a person's waiver of his right to be present at criminal proceedings in general, begins: "[e]xcept as otherwise provided in these rules * * *." Rule 27 of the Rules of Criminal Procedure is entitled "Probation and Probation Revocation" and governs a specific criminal procedure, which comes within this exception. It provides for probation revocation by two alternative methods. One method is to be used when the probationer can be found and brought before the Court, and a second method applies when he cannot be found. Under the first method, probation revocation is commenced by the filing of a petition to revoke, Rule 27.5(a), followed by the issuance of a summons to the probationer or the issuance of an arrest warrant, Rule 27.5(b). It is clear that the next steps in this process, Initial Appearance after Arrest, Rule 27.6, Revocation Arraignment, Rule 27.7(a), Violation Hearing, Rule 27.7(b) and Disposition Hearing, Rule 27.7(c) can only commence after the initial procedures have been completed. In the instant case an arrest warrant was issued but never executed. Under these facts revocation could only proceed under the second alternative, Revocation of Probation in Absentia, Rule 27.9. For the Superior Court to have jurisdiction to revoke probation either the formal procedures of Rule 27.5–27.7 or of Rule 27.9 must be followed. A finding that defendant had notice of the arrest warrant and of the scheduled proceedings cannot serve as a substitute for mandated procedures.

In order for the defendant to effectively waive his presence at a probation revocation hearing, he must have personal notice of the hearing, 17 A.R.S., Rules of Criminal Procedure, Rule 9.1, and be informed of the specific allegations of probation violations to be considered. Moreover, Rule 9.1 expressly provides that for there to be a waiver, defendant must also have received "a warning that the proceeding would go forward in his absence should he fail to appear." 17 A.R.S., Rules of Criminal Procedure. In this case there is nothing on the record to indicate that defendant ever was informed of the specific allegations or that he received the required warning. If the minimal contacts sufficient to create a waiver are not established with a defendant, then the Court can only proceed in absentia.

The fact that defendant's Massachusetts probation officer and his attorney spoke to defendant by telephone does not make his whereabouts known to his probation officer and thus negate the application of Rule 27.9. Generally, if an arrest warrant cannot be executed or a summons served, probationer's whereabouts would be unknown to his probation officer. At this point the Court should convert to in absentia proceedings. Where the probationer's whereabouts are known but the warrant or summons has not been served, due to administrative error, the error will normally be uncovered when the Court attempts to satisfy itself "that reasonable efforts have been made to give the probationer notice, * * *." 17 A.R.S., Rules of Criminal Procedure, Rule 27.9(e)(2).

It is clear from the record that the Superior Court intended to proceed under Rule 27.9 when the securing of defendant's presence appeared unlikely. However, the steps taken by the Court were not adequate under Rule 27.9.

The state, in its brief, concedes that Rule 27.9 was not properly followed. The petition, filed with the Superior Court on September 20, 1977, was not verified as required by Rule 27.9(b)(2). The petition did not contain an allegation that defendant's whereabouts were unknown to his probation officer. Rule 27.9(b)(2)(ii). Indeed, the Pima County Probation Officer did not believe this to be the case at the time of filing. The Superior Court did not issue an order to show cause. Rule 27.9(c). There was no attempt to effect service of process. Rule 27.9(d).

We emphasize what this Court said in *State v. Alegre*, 120 Ariz. 323, 324, 585 P.2d 1235, 1236 (1978):

"Rule 27.9, revocation of probation in absentia, is a necessary and constitutional rule where the probationer absents himself from the jurisdiction * * * and cannot be found. Because of the extreme nature of the remedy, however, there must be strict compliance with the rule."

The opinion of the Court of Appeals, 123 Ariz. 482, 600 P.2d 1114 (App.1978) is vacated. The judgment of the Superior Court is reversed and remanded with directions to set aside the revocation of probation.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.