IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

AUG 31 2009

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,            )
                                 )     2 CA-CR 2008-0339
                    Appellee,    )     DEPARTMENT B
                                 )
        v.                       )     O P I N I O N
                                 )
JEREMIAH MARCE FORTE,            )
                                 )
                    Appellant.   )
                                 )
_____  )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20071281

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Laura P. Chiasson                           Tucson
                                                      Attorneys for Appellee

Robert J. Hirsh, Pima County Public Defender
  By Kristine Maish                                                  Tucson
                                                     Attorneys for Appellant

E C K E R S T R O M, Presiding Judge.

¶1     After appellant Jeremiah Forte pled guilty to aggravated assault with a deadly weapon or dangerous instrument, the trial court suspended the imposition of sentence and placed him on a five-year term of intensive probation. Forte later violated the terms of his probation and, at a disposition hearing at which Forte appeared only via an interactive audiovisual system, the court sentenced him to a mitigated term of 2.5 years' imprisonment. On appeal, Forte argues the court violated his rights to counsel and to be present at sentencing by conducting the hearing without Forte physically present in the courtroom with his attorney. Notwithstanding the procedural irregularities in this case, we affirm Forte's sentence for the reasons set forth below.

## Factual and Procedural Background

¶2     On May 12, 2008, the state filed a petition to revoke Forte's probation on the grounds he had failed to report to the probation department as ordered and had failed to reside at an approved address, leaving his whereabouts unknown. Forte later appeared in custody at a probation revocation hearing on August 11, 2008, and the trial court found he had violated the terms of his probation as alleged by the state.

¶3     The first of three disposition hearings was held on September 5, 2008. Forte was not present at that hearing because he had not been "transported." The trial court reset the hearing for September 8, 2008, and ordered Forte to be transported to it. The next hearing took place a day later than originally scheduled, on September 9, 2008, although the record does not establish why the date was changed. The minute entry from this second disposition hearing reflects Forte was not present because he had "refused transport." After

2

Forte's attorney moved for a continuance, the court ordered the disposition hearing reset to September 10, 2008. The court further ordered, "the Defendant must appear in person and is not allowed to refuse transport."

¶4 Forte was not physically present in the courtroom with his attorney during the September 10th hearing but he was present via "Video Court" from jail, meaning he could hear the proceedings and communicate with the judge through audiovisual devices. As the judge explained the situation to Forte, "[Your attorney] is here, you can't see him, but you'll be able to hear him." No attorney for the state appeared at the hearing, and the judge made no findings as to whether Forte had waived any right to be physically present in the courtroom. Nor did the judge set forth on the record why it decided to conduct the sentencing with Forte appearing via video. Instead, at the commencement of the proceeding, the judge asked Forte how he was doing and remarked, "I'm glad that you decided to cooperate because I didn't want [the jail officials] to have to hurt you or anything trying to get you over to the camera." Subsequent communication between defense counsel and Forte was audible in open court and transcribed on the record.

¶5 After allowing counsel and Forte to address the court, the judge revoked Forte's probation and sentenced him to a mitigated prison term of 2.5 years, giving him credit for 530 days' served. This appeal followed.

**Discussion**

¶6 Forte now contends that his remote attendance at the disposition hearing ran afoul of the requirements of the Arizona Rules of Criminal Procedure and that his physical

3

absence from the courtroom and inability to communicate confidentially with his attorney violated both his state and federal constitutional rights. Because he raised no objection to the proceeding below, to be entitled to appellate relief Forte must demonstrate that the alleged error was both fundamental and prejudicial, *see State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005), or that the alleged error was structural, in which case prejudice is presumed. *See State v. Valverde*, 220 Ariz. 582, ¶ 10, 208 P.3d 233, 235-36 (2009). We first address whether the trial court erred when it conducted Forte's sentencing notwithstanding his physical absence from the courtroom.

Physical Presence at Sentencing

¶7        A criminal defendant has the right to be physically present at every critical stage of a trial, *United States v. Gagnon*, 470 U.S. 522, 525-26 (1985); *State v. Dann*, 205 Ariz. 557, ¶ 53, 74 P.3d 231, 245-46 (2003), including a sentencing hearing following the revocation of probation. *State v. Bly*, 120 Ariz. 410, 413, 586 P.2d 971, 974 (1978); *State v. Stone*, 111 Ariz. 62, 64, 523 P.2d 493, 495 (1974). This right is grounded in the Sixth and Fourteenth Amendments of the United States Constitution, *Gagnon*, 470 U.S. at 526; *Illinois v. Allen*, 397 U.S. 337, 338 (1970); *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994), as well as article II, § 24 of the Arizona Constitution. *State v. Garcia-Contreras*, 191 Ariz. 144, ¶ 8, 953 P.2d 536, 538 (1998). A defendant's physical attendance at sentencing is also required by Rule 26.9, Ariz. R. Crim. P., which states that "[t]he defendant . . . shall be present at sentencing." Although the rules of criminal procedure expressly allow defendants to appear at certain hearings by way of interactive audiovisual devices, they do

4

not permit such virtual presence at a sentencing hearing for a felony offense. Ariz. R. Crim. P. 1.6(a), (c)(3).

¶8 The state concedes the rules of criminal procedure generally require defendants to be in court physically when they are sentenced for felony crimes. Nevertheless, the state argues "the record strongly suggests . . . [Forte] refused to attend in person" and, as a result of defying the judge's orders, he forfeited his right to be present.

¶9 A defendant may indeed forfeit his right to attend judicial proceedings if, after being warned by the court, he continues to behave in such a "disorderly, disruptive, and disrespectful" way that a proceeding cannot take place with the defendant present. *Allen*, 397 U.S. at 343. Our supreme court has held that extraordinary circumstances—and only extraordinary circumstances—justify a departure from Rule 26.9 and permit sentencing a defendant in absentia. *State v. Fettis*, 136 Ariz. 58, 59, 664 P.2d 208, 209 (1983). However, we indulge every presumption against the forfeiture of a defendant's constitutional right to be present, *Allen*, 397 U.S. at 343; *Garcia-Contreras*, 191 Ariz. 144, ¶ 14, 953 P.2d at 540, and this presumption does not permit the inference invited by the state on the record before us.

¶10 Admittedly, Forte was not an exemplary inmate. As the state points out, his presentence report describes him as engaging in "bizarre and hostile behavior toward the Court during his initial appearance." Yet disruptive behavior only justifies physically excluding a defendant until he signals he is willing to cooperate with the judicial process. *See Allen*, 397 U.S. at 343 ("Once lost, the right to be present can . . . be reclaimed as soon

as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings."). Even though Forte was disruptive at his initial appearance, his physical presence and behavior at the later violation hearing indicated he was willing to cooperate with the process. Thus, because he had demonstrated good behavior at an intervening hearing, his disruptive behavior at an earlier hearing was not, standing alone, a sufficient ground for excluding Forte from the disposition hearing.

¶11     The sentencing judge also ordered Forte to appear at the disposition hearing held September 10, 2008. His absence from court on that date, together with the minute entry showing he had "refused transport" to the second disposition hearing, suggests Forte might have intentionally defied the court in an attempt to obstruct the proceedings. We cannot conclude, however, that the mere refusal of transportation by a defendant in custody, in the absence of any further record, is an "extraordinary circumstance[]" justifying a departure from the procedure required by Rule 26.9. *Fettis*, 136 Ariz. at 59, 664 P.2d at 209. The trial court had the means and authority to compel Forte's appearance regardless of whether Forte chose to appear. *Cf. State v. Henry*, 189 Ariz. 542, 550, 944 P.2d 57, 65 (1997) (court has discretion to utilize measures necessary for orderly sentencing). Even a defendant's decision to willfully avoid a sentencing hearing by becoming a fugitive has not been regarded as an extraordinary circumstance sufficient to justify conducting a sentencing in absentia. *State v. Zavala*, 136 Ariz. 356, 358 n.1, 666 P.2d 456, 458 n.1 (1983); *Fettis*, 136 Ariz. at 59, 664 P.2d at 209. We therefore conclude that Forte's unexplained refusal to

attend, standing alone, is not an extraordinary circumstance justifying a deviation from the normal procedural and presence requirements of Rule 26.9.

¶12      Furthermore, we cannot conclude Forte voluntarily waived his right to be physically present at the sentencing.  As a matter of constitutional law, a defendant may generally give up his right to be present in court by consent.  *Allen*, 397 U.S. at 342-43; *Garcia-Contreras*, 191 Ariz. 144, ¶ 9, 953 P.2d at 539.  Under Arizona's rules of criminal procedure, however, it is unclear whether a defendant may elect to attend a sentencing hearing through interactive media or if, instead, a defendant's physical presence in court is compelled by Rule 26.9.  *Compare* 196 Ariz. XLI (2000) (establishing Rule 1.6, whereby defendants may appear through video conferencing equipment when appearance required in court, but creating exception for felony sentencing), *with State v. Adler*, 189 Ariz. 280, 283, 284-85, 942 P.2d 439, 442, 443-44 (1997) (acknowledging rule that defendant must be present at sentencing but observing "sentencing with counsel present and the defendant present by telephone with consent is entirely different" than sentencing in absentia and is permissible procedure), *and State v. Pyeatt*, 135 Ariz. 141, 143, 659 P.2d 1286, 1288 (App. 1982) (notwithstanding former Rule 26.9's requirement that defendant be present at sentencing, "the right to be present at the pronouncement of sentence may be waived, if the waiver is knowing").[1]

---

[1]In 1993, Rule 26.9, Ariz. R. Crim. P., was amended, deleting language that provided "failure of the defendant to appear for sentencing shall not delay the pronouncement and entry of judgment and sentence."  174 Ariz. LXXXVI (1993).

¶13 Assuming *arguendo* Forte could have waived his physical presence at sentencing and appeared via audiovisual equipment, the trial court still would have been required to "determine that the defendant knowingly, intelligently and voluntarily agree[d] to appear at the proceeding by an interactive audiovisual device." Ariz. R. Crim. P. 1.6(b)(2). Because the record demonstrates neither extraordinary circumstances necessitating a deviation from the requirements of Rule 26.9, *see State v. LeMaster*, 137 Ariz. 159, 168, 669 P.2d 592, 601 (App. 1983), *supp. op.*, nor the defendant's personal waiver of the right to physical presence at sentencing, we conclude the trial court sentenced Forte in violation of the requirements of the Arizona Rules of Criminal Procedure and the United States Constitution.[2] *See Townsend*, 33 F.3d at 1231 ("[T]he Sixth Amendment . . . requires that a defendant be physically present at sentencing.").

¶14 Although we have found the trial court erred, Forte did not object when the court conducted his sentence through the audiovisual feed. He is therefore not entitled to relief in the absence of a showing either that the error was fundamental and prejudicial, *see Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607-08, or, as Forte contends, structural and therefore prejudicial per se. Structural error is that "which affects the basic 'framework within which the trial proceeds'" and which so undermines the proceedings that the trial "'cannot reliably serve its function as a vehicle for determination of guilt or innocence.'"

---

[2]Because the disposition hearing violated Forte's federal constitutional rights, we need not separately decide whether it also violated his rights under the Arizona Constitution.

*Garcia-Contreras*, 191 Ariz. 144, ¶ 15, 953 P.2d at 540, *quoting Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).

**¶15**	Our supreme court has made clear that not all species of "presence error" are necessarily structural. *See Garcia-Contreras*, 191 Ariz. 144, ¶ 16, 953 P.2d at 540. "[B]efore a court can classify a 'presence error,' the character of the proceeding from which the defendant was excluded must be evaluated to ascertain the impact of the constitutional violation on the overall structure of the criminal proceeding." *Id.*, *quoting Hegler v. Borg*, 50 F.3d 1472, 1477 (9th Cir. 1995).

**¶16**	We must therefore assess whether the conduct of Forte's sentencing so insulted the basic framework of a criminal sentencing such that the proceeding could no longer serve its core function. Pointing to the purposes of Rule 26.9, the state argues that the failure to sentence a defendant in person is not structural error when, as here, the defendant fully participated in the sentencing hearing through the use of audiovisual equipment. We agree.

**¶17**	Rule 26.9, the provision that sets forth Forte's right to be present at sentencing, was promulgated to guarantee that defendants receive essential warnings and information about their appellate rights after the sentence is pronounced. *See* Ariz. R. Crim. P. 26.9 cmt.; *see also* Ariz. R. Crim. P. 26.11 (requiring notice of appellate and post-conviction rights after sentence). In addition, our supreme court has stated Rule 26.9 is designed to allow "[a] presentence report based upon personal interview, the defendant['s] exercis[e of] his right of allocution, and a chance for the judge to personally question and observe the defendant." *Fettis*, 136 Ariz. at 59, 664 P.2d at 209; *see also State v. Davis*, 105 Ariz. 498, 502, 467 P.2d

9

743, 747 (1970) (defendant must be given opportunity to express why sentence "should not be pronounced against him and why he should have leniency"). Our supreme court has characterized these as minimal requirements for a "reasonable and rational sentencing" to take place. *Fettis*, 136 Ariz. at 59, 664 P.2d at 209.

¶18 Each of those requirements was met by the video conference that was held here. The sentencing took place in open court and was pronounced by the judge after he had reviewed the presentence report, observed and questioned Forte, and allowed him an extensive allocution. Forte's attorney communicated with Forte and argued mitigating circumstances to the court. And Forte effectively exercised his right to appeal and received notice of his right to post-conviction relief.

¶19 To be sure, there are additional virtues to a defendant's physical presence at a sentencing hearing not protected by an audiovisual feed from the jail. Other courts have noted that seeing a video screen is different from seeing a live human being, *see United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001), and a defendant's presence in a courtroom consequently decreases the risk that a judge will become psychologically disconnected from the offender whom he or she is sentencing. *See United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999). Face-to-face sentencing also allows defendants and their friends and family to experience "'the immediacy of a living person'" at the hearing, *id.*, *quoting Stoner v. Sowders*, 997 F.2d 209, 213 (6th Cir. 1993), as well as any crime victims who may wish to exercise their rights to be present and personally encounter the defendant. *See* Ariz. Const. art. II, § 2.1(A)(3), (4). Moreover, a defendant's presence with his attorney

in court enables instantaneous, unmediated discussion between them, *see People v. Lindsey*, 772 N.E.2d 1268, 1278 (Ill. 2002); *People v. Guttendorf*, 723 N.E.2d 838, 840-41 (Ill. App. Ct. 2000), which is preferable to alternative forms of communication. *See Seymour v. State*, 582 So. 2d 127, 129 (Fla. Dist. Ct. App. 1991) (observing teleconferencing "deprived [defendant] of the opportunity to look directly into the eyes of his counsel, to see facial movements, to perceive subtle changes in tone and inflection . . . [and] to use all of the intangible methods by which human beings discern meaning and intent in oral communication").

¶20    In our view, such interests are far from trivial and they undoubtedly inform our state's pertinent procedural rules which, as discussed, expressly prohibit the use of audiovisual equipment to conduct criminal sentencing hearings remotely in felony cases. But we do not believe that the erroneous deprivation of those procedural guarantees here so undermined the basic framework of Forte's sentencing such that it no longer served its core function.

¶21    Moreover, the cases cited by Forte in contending the error here requires automatic reversal either involved defendants who had objected properly to the procedure below, *see United States v. Torres-Palma*, 290 F.3d 1244, 1245 (10th Cir. 2002), or were decided under the procedural rules or statutes of other jurisdictions rather than on constitutional grounds. *See Lawrence*, 248 F.3d at 303 n.1; *Navarro*, 169 F.3d at 239;

11

*Seymour*, 582 So. 2d at 128-29.[3] Consequently, we do not agree with Forte that any violation of Rule 26.9 is "*per se* prejudicial," *Torres-Palma*, 290 F.3d at 1248, or structural error. Rather, following the guidance of our supreme court in *Fettis*, we conclude that when the "minimal requirements" for sentencing have been met—when the trial court has observed, questioned, listened to the defendant and his attorney, and advised the defendant of his appellate and post-conviction rights—a "reasonable and rational sentencing" has taken place and the essential function of the sentencing phase of a trial has been fulfilled. 136 Ariz. at 59, 664 P.2d at 209.

¶22     We therefore conclude the error here was not structural. Furthermore, even assuming the error could be characterized as fundamental, Forte is not entitled to relief because he has not demonstrated that he was prejudiced by his lack of physical presence in the courtroom. Indeed, Forte has not alleged he suffered any particular prejudice at all. He has therefore not met his burden of proving he is entitled to appellate relief. *See Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607-08.

Right to Counsel

¶23     In a related argument, Forte contends his physical separation from his attorney at sentencing denied him his right to counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution; article II, § 24 of the Arizona Constitution;

---

[3]*People v. Guttendorf*, 723 N.E.2d 838, 839-40 (Ill. App. Ct. 2000), which was decided on federal and state constitutional grounds, involved a change-of-plea hearing rather than a sentencing hearing and is distinguishable insofar as the two proceedings serve different functions.

and Rule 6.1, Ariz. R. Crim. P. *See State v. Moody*, 208 Ariz. 424, ¶ 76, 94 P.3d 1119, 1143 (2004); *State v. Sample*, 107 Ariz. 407, 410, 489 P.2d 44, 47 (1971), *disapproved of on other grounds by Mincey v. Arizona*, 437 U.S. 385 (1978). Forte also claims this feature of his remote sentencing procedure was structural error.

¶24 Denial of counsel may indeed be structural error, requiring automatic reversal. *Valverde*, 220 Ariz. 582, ¶ 10, 208 P.3d at 235-36. And, because the sentencing process here left Forte without a means of communicating confidentially with his attorney, that process unconstitutionally infringed on his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution. *See State v. Holland*, 147 Ariz. 453, 456, 711 P.2d 592, 595 (1985); *State v. Pecard*, 196 Ariz. 371, ¶¶ 26-27, 998 P.2d 453, 459 (App. 1999). But we disagree with Forte that such an error "unfairly 'deprive[s] defendants of basic protections'" and is properly categorized as "structural." *State v. Garza*, 216 Ariz. 56, n.6, 163 P.3d 1006, 1013 n.6 (2007), *quoting State v. Ring*, 204 Ariz. 534, ¶ 45, 65 P.3d 915, 933 (2003) (alteration in *Garza*).

¶25 The cases Forte relies on in urging that automatic reversal is warranted are readily distinguishable. Forte was not denied representation by private counsel of his choice, as in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006), or wholly denied the opportunity to confer with counsel at a critical period in the trial, as in *Geders v. United States*, 425 U.S. 80, 91 (1976). Nor was he forced to proceed with counsel despite an irreconcilable conflict or completely fractured attorney-client relationship. *See State v. Torres*, 208 Ariz. 340, ¶ 6, 93 P.3d 1056, 1058 (2004).

¶26 Rather, Forte's remote participation in the disposition hearing "interfere[d] with confidential attorney-client communications" so as to "chill[] free discussion between a defendant and his attorney." *Pecard*, 196 Ariz. 371, ¶ 27, 998 P.2d at 459. When attorney-client communications are chilled in this fashion, our courts generally analyze whether the defendant was prejudiced by the lack of confidential communication. *See Moody*, 208 Ariz. 424, ¶ 77, 94 P.3d at 1143; *Pecard*, 196 Ariz. 371, ¶¶ 29-30, 998 P.2d at 459. Thus, our case law implies that when, as here, a defendant's interaction with his counsel is erroneously compromised—but not obstructed altogether—by the inability of the defendant to communicate confidentially with counsel, the error is subject to a review for prejudice.

¶27 Because Forte never objected to the sentencing procedure on the ground that it impaired his ability to communicate confidentially with counsel, we review only for fundamental error. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607. Even assuming such error would be fundamental, Forte would not be entitled to relief because he again has made no showing of prejudice. *See id.* Forte readily communicated with his attorney at the disposition hearing; he expressed to his attorney that he wished to receive standard rather than intensive probation; his attorney argued several mitigating factors to the trial court; and during his allocution, Forte clearly expressed his desire for standard probation. Forte never expressed any desire to confer with his attorney confidentially nor did his attorney object to the proceedings on that ground. Although Forte purported not to recognize his attorney's voice and name on the record, Forte does not explain how such confusion negatively affected his or his counsel's sentencing presentation. Because Forte did not object to the

14

videoconferencing arrangement at sentencing, and because he has shown no actual prejudice resulting from it, we affirm his sentence.

## Disposition

**¶28** The trial court erred by conducting the disposition hearing with Forte appearing only by way of interactive audiovisual equipment and with Forte separated from his attorney with no available means of confidential communication. But these errors were neither structural nor prejudicial under the specific facts of this case. We therefore affirm the revocation of Forte's probation and the sentence imposed.

_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

_____
J. WILLIAM BRAMMER, JR., Judge

_____
PHILIP G. ESPINOSA, Judge