IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MALCOLM WHITE, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent*.

No. 1 CA-SA 24-0258

FILED 02-20-2025

Petition for Special Action from the Superior Court in Maricopa County
No. CR2019-128355-003
The Honorable Christina Henderson, Judge *Pro Tempore*, Commissioner

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Mallory Hale
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Respondent*

---

## OPINION

Presiding Judge Michael S. Catlett delivered the opinion of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

---

**C A T L E T T**, Judge:

¶1        Do the Arizona Rules of Criminal Procedure allow the State and a criminal defendant, in the absence of extraordinary circumstances, to stipulate to allow the criminal defendant to appear for a misdemeanor sentencing proceeding by virtual means?  We conclude they do.

## FACTS AND PROCEDURAL HISTORY

¶2        The State charged White with two counts of felony forgery, but he pled guilty to solicitation to commit forgery, which is a misdemeanor.  White moved to appear virtually at sentencing because he lives in Maryland and cannot afford to travel to Arizona to attend in person.  The State stipulated to that request.  But the superior court rejected the stipulation, reasoning that Arizona Rule of Criminal Procedure 26.9 required White to appear in person and that Rule 1.5(c)(2) allowed a virtual appearance only in "extraordinary circumstances," which were not present.

¶3        White moved for reconsideration.  He argued Rule 1.5(c)(2) did not apply because it addresses felony sentencing but he was to be sentenced for a misdemeanor.  The court denied the motion and White petitioned for special action relief.

## JURISDICTION

¶4        The Arizona Supreme Court revised the Arizona Rules of Procedure for Special Actions effective January 1, 2025.  The new rules apply in all special actions pending on that date, unless doing so would be infeasible or cause an injustice.  Ariz. R.P. Spec. Act. 1 Application Note.  This action was pending on January 1, 2025, and applying the new rules is feasible and would not cause an injustice, so we apply them here.

¶5        Arizona Rule of Procedure for Special Actions 2(c) now outlines the scope of available relief in a special action.  To obtain special action review, a petition must seek relief formerly obtained through the

writs of certiorari, mandamus, or prohibition. Ariz. R.P. Spec. Act. 2(c). But even when a petition for special action seeks proper relief, jurisdiction "may be accepted only if the remedy by appeal is not equally plain, speedy, and adequate." Ariz. R.P. Spec. Act. 2(b)(2); *see also* Ariz. R.P. Spec. Act. 12(a) ("In accepting or declining jurisdiction, the court is determining whether remedy by appeal is equally plain, speedy, and adequate."). And even then, whether we accept special action jurisdiction is highly discretionary. *Id.*; *see also* Ariz. R.P. Spec. Act 12(a) ("Whether to accept jurisdiction of an appellate special action is within the court's discretion[.]").

**¶6**         But we are no longer left to the vagaries of caselaw when exercising that discretion. Instead, Rule of Procedure for Special Actions 12 now lists many (though not all) of the factors relevant to whether to accept or decline jurisdiction. As the comment to Rule 12 explains, the list contains many of the factors appellate courts have applied to decide whether there is a plain, adequate, and speedy remedy by way of appeal. Yet even those factors merely "support" accepting or declining jurisdiction; they do not *require* us to do either in any given case. *See* Ariz. R.P. Spec. Act. 12(b), (c).

**¶7**         Special action jurisdiction is appropriate here. In essence, White seeks to prohibit the superior court from requiring him to appear in person at his misdemeanor sentencing. No appellate or post-conviction remedy can address the superior court's denial of White's motion to appear virtually. Whether he may appear at sentencing by virtual means will become moot if he travels to Arizona to be sentenced. *See* Ariz. R.P. Spec. Act. 12(b)(5). And the issue presented is purely legal, of first impression, likely to recur, and of statewide importance. *See* Ariz. R.P. Spec. Act. 12(b)(2)–(4). We accept jurisdiction.

## DISCUSSION

**¶8**         White argues Arizona Rule of Criminal Procedure 1.5(c)(3) allows him and the State to stipulate that he may appear for sentencing by virtual means and that Rule 26.9 does not prohibit them from doing so. The State agrees, and so do we.

**¶9**         We review the interpretation of a court rule *de novo*. *Bobrow v. Herrod*, 239 Ariz. 180, 182 ¶ 7 (App. 2016) (quoting *Cranmer v. State*, 204 Ariz. 299, 301 ¶ 8 (App. 2003)). We start our analysis with the text of the rule and if the text is clear and unambiguous, we end there too. *Id.*

3

**I.**

**¶10** We first address whether Arizona Rule of Criminal Procedure 1.5 allows a misdemeanor sentencing to occur by virtual means. That Rule outlines when a criminal defendant may appear "by using an interactive audiovisual system[.]" Ariz. R. Crim. P. 1.5(a). Subsection (c)(2) states:

> A court may not require a defendant's appearance by use of an interactive audiovisual system at any trial, contested probation violation hearing, felony sentencing, or felony probation disposition hearing, unless the court finds extraordinary circumstances and the parties consent by written stipulation or on the record.

Ariz. R. Crim. P. 1.5(c)(2).

**¶11** Subsection (c)(3) gives the parties in other proceedings leeway to appear by virtual means. It provides that in "any proceeding not included in (c)(1) and (c)(2), the parties may stipulate that the defendant may appear at the proceeding by use of an interactive audiovisual system." Ariz. R. Crim. P. 1.5(c)(3). There is one additional condition: "Before accepting the stipulation, the court must find that the defendant knowingly, intelligently and voluntarily agrees to appear at the proceeding by use of an interactive audiovisual system." Ariz. R. Crim. P. 1.5(c)(3).

**¶12** Rule 1.5 is clear and unambiguous about the issue at hand. Subsection (c)(3) applies to "any proceeding not included in (c)(1) and (c)(2)[.]" So, at a proceeding not enumerated in (c)(1) and (c)(2), the superior court has discretion to permit a defendant to appear by videoconference when two requirements are met: (1) the parties stipulate to the defendant's virtual appearance and (2) the court finds that the defendant knowingly, intelligently, and voluntarily agreed to appear virtually. Ariz. R. Crim. P. 1.5(c)(3).

**¶13** Subsection (c)(2) lists a felony sentencing, but it does not list a misdemeanor sentencing. Thus, White's sentencing is "a proceeding not included in (c)(1) and (c)(2)"—neither subsection lists a misdemeanor sentencing. And it matters not that the State initially charged White with a felony; he is to be sentenced for a misdemeanor.

**¶14** After the parties stipulated that White could appear by virtual means, the superior court's path forward was clear. At that point, the superior court could hold the sentencing by virtual means and, at the outset of that proceeding, determine whether White knowingly, intelligently, and

voluntarily agreed to appear virtually. If so, the court could sentence White during the virtual hearing.

¶15        Instead, the court concluded that, in the absence of extraordinary circumstances, (c)(2) *required* it to sentence White in person. On the contrary, because (c)(2) does not apply here, the court could, in its discretion, accept the parties' stipulation under (c)(3).

## II.

¶16        Just because Rule 1.5(c)(3) permits a virtual appearance for misdemeanor sentencing does not mean the federal Constitution or other court rules do too. But White contends that neither the Constitution nor Rule 26.9 prohibits a virtual misdemeanor sentencing when a defendant voluntarily consents. White is correct.

¶17        Under the Sixth and Fourteenth Amendments, "[a] criminal defendant has the right to be physically present at every critical stage of a trial," including sentencing. *State v. Forte*, 222 Ariz. 389, 392 ¶ 7 (App. 2009) (citation omitted). Nothing in the Constitution though stops a defendant from voluntarily waiving his right to be present in court. *Id.* at 393 ¶ 12 (citation omitted). So long as the superior court follows the requirements in Rule 1.5(c)(3), the Constitution is no roadblock to holding a virtual hearing for a misdemeanor sentencing.

¶18        We turn then to whether Rule 26.9 prohibits such a hearing. To implement the physical presence requirement in the sentencing context, Rule 26.9 requires that "[t]he defendant . . . must be present at sentencing." That Rule "was promulgated to guarantee that defendants receive essential warnings and information about their appellate rights after the sentence is pronounced." *Forte,* 222 Ariz. at 394 ¶ 17. It also "is designed to allow '[a] presentence report based upon personal interview, the defendant['s] exercis[e of] his right of allocution, and a chance for the judge to personally question and observe the defendant.'" *Id.* (citation omitted). In *Forte*, this court commented that "it is unclear whether a defendant may elect to attend a sentencing hearing through interactive media or if, instead, a defendant's physical presence in court is compelled by Rule 26.9." *Id.* at 393 ¶ 12. We now provide some of the clarity *Forte* found lacking. Rule 26.9 does not prohibit a defendant from waiving physical presence and attending a misdemeanor sentencing by virtual means if, under Rule 1.5(c)(3), that waiver is knowing, intelligent, and voluntary.

¶19        Start with the text of Rule 26.9. It provides only that the defendant must be "present." Although being "present" ordinarily means

a criminal defendant is physically present, appearing by virtual means with consent can also fulfill that requirement. After all, Rule 26.9 is primarily aimed at avoiding sentencings where the defendant is completely absent. *State v. Adler*, 189 Ariz. 280, 285 (1997) (observing that "sentencing with counsel present and the defendant present by telephone with consent is entirely different" than sentencing *in absentia* and is permissible). Unlike when a defendant is completely absent, sentencing by virtual means can alleviate many of the concerns Rule 26.9 addresses, especially when the defendant voluntarily waives physical presence. *See id.* (explaining that sentencing with the defendant present by telephone with consent would have alleviated most of the concerns Rule 26.9 addresses); *Forte*, 222 Ariz. at 394 ¶ 18 ("Each of [Rule 26.9's] requirements was met by the video conference that was held here.").

¶**20** Also consider that "rules . . . should be harmonized wherever possible and read in conjunction with each other." *State v. Brearcliffe*, 254 Ariz. 579, 585 ¶ 22 (2023) (citation omitted). As we have explained, Rule 1.5(c)(3) permits a defendant to stipulate to a virtual appearance for a misdemeanor sentencing. Reading Rule 26.9 to require physical presence at all sentencings would bring it in conflict with Rule 1.5(c)(3) when it comes to misdemeanor sentencings. Reading Rule 26.9, instead, to allow sentencing by virtual means when the circumstances are right avoids that conflict and harmonizes the two rules. We adopt that harmonious reading.

## CONCLUSION

¶**21** We accept special action jurisdiction, grant relief by vacating the superior court's ruling denying White's motion to appear virtually, and remand for further proceedings consistent with this opinion.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR

6