664 P.2d 208

**STATE of Arizona, Appellee,**

v.

**George Downhour FETTIS, Appellant.**

**No. 5793-PR.**

Supreme Court of Arizona,
In Banc.

April 28, 1983.

Rehearing Denied June 8, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

CAMERON, Justice.

The defendant was convicted of child molestation, A.R.S. § 13–1410. He appealed to the Court of Appeals, Division II, which affirmed his conviction in a memorandum decision. *State v. Fettis,* 2 CA–CR 2596 (filed 19 November 1982). We agree with the decision of the Court of Appeals and affirm the judgment. We accepted the petition for review, taking jurisdiction under A.R.S. § 12–120.24, for the sole purpose of considering the practice of sentencing in absentia.

The defendant was charged with one count of child molestation of his adopted daughter based on an incident that occurred 25 July 1981. The defendant was arraigned in person on 19 September 1981, at which time the trial was set for 17 November 1981. The defendant absconded, and so far as the record indicates, is still at large.

The defendant was tried, convicted, and sentenced in absentia. The Court of Appeals was not asked to consider the question of sentencing in absentia, and in light of previous opinions of this court quite properly refrained from doing so. We raised the question on our own because of what we believe to be an incorrect interpretation of the rules regarding sentencing in absentia. Our rule states:

> Rule 26.9 Presence of the defendant; sentencing in absentia

> The defendant is entitled to be present at a pre-sentencing hearing and shall be present at sentencing. However, failure of the defendant to appear for sentencing shall not delay the pronouncement and entry of judgment and sentence. The time for filing a notice of appeal shall run from the original entry of judgment and sentence. Rule 26.9, Arizona Rules of Criminal Procedure, 17 A.R.S.

Admittedly, the rule is not clear. It states the defendant "shall be present at sentencing" and then states "failure to appear for sentencing shall not delay the * * * entry of judgment and sentence." We have held

that a defendant who voluntarily absents himself from trial may be both tried and sentenced in absentia. *State v. Ellerson,* 125 Ariz. 249, 252, 609 P.2d 64, 67 (1980); *State v. Cook,* 115 Ariz. 146, 564 P.2d 97 (App.1977), supplemented 118 Ariz. 154, 575 P.2d 353 (App.1978). We believe the spirit of the rule mandates that the defendant must be present at his sentencing except in extraordinary circumstances not present in the instant case, when the court may sentence in absentia. We would anticipate that these circumstances would be rare indeed. We do not retreat from our position that a defendant who voluntarily absents himself from a trial may be tried, convicted and adjudged guilty in absentia. We do retreat from our previous position of allowing the defendant to be sentenced in absentia, except in extraordinary circumstances. In doing so, our interpretation of Rule 26.9 will be more in harmony with the comment to Rule 26.9 which states:

> * * * this rule requires the presence of the defendant at sentencing, no matter what the nature of the sentence to be imposed * * * because of the essential warnings and information required to be given after sentence is pronounced. Rule 26.9, supra.

Also, if the courts refrain from sentencing until the defendant can be present, the defendant will be able to exercise his right to allocution as recommended in the American Bar Association's Standards for Criminal Justice, Standard 18–6.4 which states:

> (a) As soon as practicable after the determination of guilt and the examination of any presentence reports (citations omitted), a proceeding should be held at which the sentencing court should * * *
> (iii) afford to the defendant his or her right of allocution * * *. ABA Criminal Justice Standard 18–6.4, at 447–48 (1980).

The commentary to this section states:

> * * * Although the right of allocution has not yet been clearly established as of constitutional stature, it has ancient ori-

gins and is recognized by both federal and state law. Its preservation has been encouraged without exception by all recent model codes. Id., at 459 (footnotes omitted). See National Advisory Committee on Criminal Justice Standards and Goals, Corrections 5.17 (1973); National Conference of Commissioners on Uniform State Laws, Model Sentencing and Corrections Act § 3–206 (1978); National Conference of Commissioners on Uniform State Laws, Uniform Rules of Criminal Procedure 613 (1974). See also concurring opinion in *State v. Tapp,* 133 Ariz. 549, 552, 653 P.2d 6, 9 (1982).

It is only when the defendant is before the court that a reasonable and rational sentencing can take place. A presentence report based upon personal interview, the defendant exercising his right of allocution, and a chance for the judge to personally question and observe the defendant are minimum requirements in most cases. We hold, therefore, pursuant to Rule 26.9, that if a defendant voluntarily absents himself at the time of sentencing, the trial judge, except in extraordinary circumstances, must postpone the imposition of sentence until such time as the defendant can be present. Our case law to the contrary is by this opinion overruled. This decision shall have prospective application only.

The judgment is affirmed but the sentence is set aside, and the cause is remanded to the trial court for resentencing at such time as the defendant is present before the sentencing judge.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.