774 P.2d 1347
**STATE of Arizona, Appellee,**

v.

**Robert Lee HENSLEY, Appellant.**

**No. CR–88–0035–T/AP.**

Supreme Court of Arizona,
En Banc.

May 2, 1989.

As Amended on Grant of Rehearing
June 28, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, and John C. Williams, Prescott, for appellant.

FELDMAN, Vice Chief Justice.

This case has been before this court four times on appeal or review. A complete statement of past issues and facts can be found in two previous opinions: *State v. Hensley*, 142 Ariz. 598, 691 P.2d 689 (1984) (*Hensley II*); *State v. Hensley*, 137 Ariz. 80, 669 P.2d 58 (1983) (*Hensley I*).

Briefly stated, the jury convicted defendant of two counts of first degree murder, attempted first degree murder, and armed robbery. Defendant had helped rob the Tin Horn Saloon in Phoenix on January 26, 1981 and shot three victims, two of whom died.

In *Hensley II*, we affirmed defendant's death sentence. Subsequently, he petitioned for post-conviction relief in the trial court. *See* Rule 32, Ariz.R.Crim.P., 17 A.R.S. The court granted relief, vacating defendant's death sentence because his counsel at sentencing was ineffective in not presenting evidence of defendant's intoxication at the time of the crime. *See* Minute Entry Order filed February 28, 1986. On

resentencing, defendant received two consecutive terms of life imprisonment without possibility of parole for twenty-five years on the first degree murder convictions.

Defendant now appeals these life sentences, giving us direct review under A.R.S. § 13–4031. Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has searched the record and found no arguable questions of law. He requests that we search the record for fundamental error pursuant to A.R.S. § 13–4035 and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).

The state not only contends that no fundamental error exists, but argues that the trial court erred by failing to sentence defendant on the armed robbery conviction. The state requests that we remand this case for resentencing on the armed robbery conviction.

It appears that defendant was not present on December 2, 1987 for sentencing on the armed robbery conviction, in violation of *State v. Fettis*, 136 Ariz. 58, 664 P.2d 208 (1983). Therefore, that sentence is a nullity and defendant should be resentenced. *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983).

We have searched the record for fundamental error and find none. Accordingly, we affirm the sentences imposed on each of the crimes of which defendant was convicted, except that imposed for the armed robbery conviction. That sentence is vacated and the case remanded for resentencing.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

WILLIAM A. HOLOHAN, J., retired before the decision of this case; ROBERT J. CORCORAN, J., did not participate in the determination of this case.