IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellee,*

*v.*

VINCENT MICHAEL ALLEN,
*Appellant.*

No. 2 CA-CR 2013-0194
Filed June 4, 2014

———————————————

Appeal from the Superior Court in Pinal County
No. S1100CR201102161
The Honorable Gilberto V. Figueroa, Judge

**AFFIRMED**

———————————————

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By David A. Sullivan, Assistant Attorney General, Tucson
*Counsel for Appellee*

Harriette P. Levitt, Tucson
*Counsel for Appellant*

———————————————

**OPINION**

Presiding Judge Vásquez authored the opinion of the Court, in which Chief Judge Howard and Judge Miller concurred.

———————————————

VÁSQUEZ, Presiding Judge:

¶1  After a jury trial, Vincent Allen was convicted of forgery and criminal trespass. The trial court sentenced him to ten years' imprisonment for forgery and time served for criminal trespass. On appeal, Allen argues the state presented insufficient evidence to support a conviction for forgery. He also argues the court illegally sentenced him in absentia after he walked out of the courtroom during sentencing. For the reasons that follow, we affirm Allen's convictions and sentences.

## Factual and Procedural Background

¶2  We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining Allen's convictions. *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008). In August 2011, Apache Junction Police Detective Stephen Jeansonne responded to a report from a gas station clerk, who had asked police to remove Allen from the premises. Jeansonne found Allen standing in the parking lot outside of the gas station. He explained to Allen that he was "no longer welcome" there, asked him for his "date of birth, height, [and] weight, . . . and began to write out [a] written warning." Allen identified himself as "Aubrey Swanson" and signed the warning using the false name. Jeansonne provided a copy of the warning to the gas station clerk and gave Allen the original.

¶3  Fifteen days later, Jeansonne responded to another report from the gas station and immediately recognized Allen from the previous incident. This time, Allen identified himself using his real name. When Jeansonne checked the clerk's copy of the warning, he discovered the discrepancy. Allen confessed, "You got me," and explained that he had given a false name because "[h]e was avoiding an outstanding criminal warrant at the time."

¶4  Allen was arrested and charged with forgery, taking the identity of another person, and criminal trespass. At trial, at the state's request, the court dismissed the charge of taking the identity

of another.[1]  At the close of the state's case, Allen moved for a judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P., on the forgery charge.  He argued that the state "presented no evidence that a warrant really was outstanding so that he would have any reason or intent to be defrauding the officer."  The court denied the motion, and the jury found him guilty of both remaining counts.

¶5         During sentencing, the trial court explained to Allen that "the most appropriate sentence" for the forgery conviction was "the presumptive sentence because [the court could not] find any mitigating factors."  Allen then cursed at the judge and walked out of the courtroom.  The court found he had "voluntarily absented himself" and proceeded to sentence Allen as described above.  This appeal followed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**Insufficient Evidence**

¶6         Allen first argues there was insufficient evidence to support his conviction for forgery.  The sufficiency of the evidence is a question of law we review de novo.  *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011).  We will reverse "'only if no substantial evidence supports the conviction.'"  *State v. Fimbres*, 222 Ariz. 293, ¶ 4, 213 P.3d 1020, 1024 (App. 2009), *quoting State v. Pena*, 209 Ariz. 503, ¶ 7, 104 P.3d 873, 875 (App. 2005).  "Substantial evidence is proof that 'reasonable persons could accept as adequate . . . to support a conclusion of [a] defendant's guilt beyond a reasonable doubt.'"  *State v. Bearup*, 221 Ariz. 163, ¶ 16, 211 P.3d 684, 688 (2009) (first alteration in *Bearup*), *quoting State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).

¶7         Pursuant to A.R.S. § 13-2002(A)(1), "[a] person commits forgery if, with intent to defraud, the person . . . [f]alsely makes, completes or alters a written instrument."  A "[w]ritten instrument" includes "[a]ny paper, document or other instrument that contains

---

[1]Aubrey Swanson, Allen's brother-in-law, "indicate[d] that he d[id] not want to pursue prosecution and that . . . Allen had permission to use his information."

written or printed matter or its equivalent." A.R.S. § 13-2001(12)(a); *see State v. Bedoni*, 161 Ariz. 480, 482-83, 779 P.2d 355, 357-58 (App. 1989) ("written instrument" includes traffic citation). And, the intent to defraud may be shown through either direct or circumstantial evidence. *State v. Thompson*, 194 Ariz. 295, ¶ 13, 981 P.2d 595, 597 (App. 1999).

**¶8** The written warning that Jeansonne issued to Allen falls under the "broad statutory definition of a written instrument." *Bedoni*, 161 Ariz. at 483, 779 P.2d at 358. And Allen's use of a false signature on the warning constituted making or completing that instrument pursuant to § 13-2002(A)(1).[2] Thus, the remaining issue is whether the state presented sufficient evidence of Allen's intent to defraud.

**¶9** In *Bedoni*, this court considered whether the use of a false signature on a traffic citation was sufficient evidence of the defendant's intent to defraud. 161 Ariz. at 482-84, 779 P.2d at 357-59. In that case, an officer gave the defendant a citation during a traffic stop for driving without a license. *Id.* at 482, 779 P.2d at 357. The defendant signed the citation on the "'promise to appear' portion of the ticket" using a false name. *Id.* The defendant was charged with and convicted of forgery. *Id.*

**¶10** On appeal, we first noted that a "promise to appear by a fictitious person is meaningless." *Id.* at 484, 779 P.2d at 359. The false signature "deceive[d] the officer and the court system, not to mention risk[ed] trouble for some unknown person" bearing the same name. *Id.* In addition, the defendant would gain a benefit because "[i]t conceals the true identity of the perpetrator of the alleged crime and seeks to obtain the release, without incarceration, of someone not entitled to release." *Id.* We concluded that "all of

---

[2]Relying on *State v. Singh*, 4 Ariz. App. 273, 419 P.2d 403 (1966), Allen maintains that "the use of the false name did not constitute an uttering." His reliance on *Singh* is misplaced, however, because that case applied a former forgery statute distinct from § 13-2002(A)(1), and an "uttering" is no longer an element of the offense. *See Singh*, 4 Ariz. App. at 276, 419 P.2d at 406.

these acts could be found by a jury to constitute an 'intent to defraud.'" *See id.*

¶11        In this case, there was similar circumstantial evidence of Allen's intent to defraud. Use of the false signature deceived the officer into believing the warning had been issued to the correct person. *See id.* But, a warning issued to and acknowledged by the wrong person "is meaningless." *Id.* It created the "risk[ of] trouble" for some other person, in this case, Allen's brother-in-law. *Id.* And, the court system was deprived of evidence that Allen had received notice he was no longer welcome at the gas station and would be arrested if he visited there again. *See id.* If any other officer had responded to the second report from the gas station, Allen would not have been recognized at all. "[A]ll of these acts could be found by a jury to constitute an 'intent to defraud.'" *Id.*

¶12        Allen attempts to distinguish *Bedoni*, arguing that no one actually relied on his false signature, and, therefore, "the name [he] used was immaterial." He notes that Jeansonne only "issued the warning citation for the purpose of advising [him] that he was no longer welcome at the [gas] station" but was able to identify Allen approximately two weeks later without relying on the warning. Allen also argues that "[t]here was no evidence that the store clerk relied on the document when someone, either the same or a different store clerk, called the police two weeks later."

¶13        But actual reliance is not required to show intent to defraud. *Bedoni* does not suggest that to establish intent, "all of the[] acts" described therein actually had to occur or did occur. 161 Ariz. at 484, 779 P.2d at 359 (suggesting risk of trouble for "some unknown person" sufficient evidence of intent to defraud). Rather, circumstantial evidence of the defendant's desire for a result to occur was sufficient to show intent. *See* A.R.S. § 13-105(10)(a) ("'[W]ith the intent to' means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result . . . ."); *Thompson*, 194 Ariz. 295, ¶ 13, 981 P.2d at 597 ("[I]t is irrelevant whether anyone was actually injured.").

¶14        Allen similarly argues that he did not receive an actual benefit by using a false name because, contrary to his belief at the

time, there was no outstanding warrant for his arrest, and because his "significant criminal history" could not be used to enhance his sentence for the misdemeanor conviction for criminal trespass. This argument is unavailing for the same reasons discussed above. Only Allen's "objective" to cause a particular result through deception is relevant here. *See* § 13-105(10)(a). And, at the time of his arrest, Allen confessed he had intended to "avoid[] an outstanding criminal warrant." *See Thompson*, 194 Ariz. 295, ¶ 13, 981 P.2d at 597. Therefore, sufficient evidence supports Allen's conviction for forgery. *See West*, 226 Ariz. 559, ¶ 15, 250 P.3d at 1191.

### Absence from Sentencing

**¶15** Allen argues the trial court violated Rule 26.9, Ariz. R. Crim. P., when it sentenced him in absentia. Allen failed to raise this issue below. Because he did not object, he has forfeited review for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). To warrant reversal, Allen must show "that error occurred, that it was fundamental, and that it prejudiced him." *State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 16, 185 P.3d 135, 140 (App. 2008).

**¶16** Rule 26.9 provides that "[t]he defendant . . . shall be present at sentencing." Thus, even if a defendant is absent voluntarily, "the trial judge, except in extraordinary circumstances, must postpone the imposition of sentence until such time as the defendant can be present." *State v. Fettis*, 136 Ariz. 58, 59, 664 P.2d 208, 209 (1983). *Compare* Ariz. R. Crim. P. 9.1 (defendant may waive presence at criminal proceedings "[e]xcept as otherwise provided in these rules"), *with* Ariz. R. Crim. P. 26.9 (providing no exception for sentencing).[3]

---

[3]A "'reasonable and rational sentencing'" must include the "essential warnings and information" regarding appellate rights, as well as "'[a] presentence report based upon personal interview, the defendant['s] exercis[e of] his right of allocution, and a chance for the judge to personally question and observe the defendant.'" *State v. Forte*, 222 Ariz. 389, ¶ 17, 214 P.3d 1030, 1035 (App. 2009) (alterations in *Forte*), *quoting Fettis*, 136 Ariz. at 59, 664 P.2d at 209.

**¶17**        Here, the trial court had removed Allen for disruptive behavior earlier in the proceeding.  When Allen returned, the court advised him that it was "making every effort to comply with [his] Constitutional rights to be present for this sentencing."   But, the court warned:

> [I]f your outburst continues or if you cause
> any kind of a physical reaction, force the
> officers to restrain you or you put the
> officers in any kind of a danger or put
> [your counsel] or anybody else in any kind
> of danger from any physical act, I will have
> you removed and you'll not be here for
> your sentencing.

After Allen made another outburst and walked out of the courtroom, the court found that he "voluntarily absented himself by walking away" and the court proceeded with sentencing.  *See* Ariz. R. Crim. P. 9.1.

**¶18**        The state contends that Allen "waived his right to be present at sentencing by getting up and walking out of his own accord."  Relying on *State v. Pyeatt*, 135 Ariz. 141, 143, 659 P.2d 1286, 1288 (App. 1982), the state argues that "Arizona courts have long held a defendant may waive his presence at sentencing, so long as the waiver is knowing."  The state's reliance on *Pyeatt* is misplaced. When *Pyeatt*, and the cases it relied upon were decided, Rule 26.9 provided that the defendant "shall be present at sentencing" and also stated that the "failure of the defendant to appear for sentencing shall not delay the . . . entry of judgment and sentence."  174 Ariz. LXXXVI (1993); *see State v. Ellerson*, 125 Ariz. 249, 252-53, 609 P.2d 64, 67-68 (1980) (holding defendant who voluntarily absents himself may be sentenced in absentia); *State v. Cook*, 115 Ariz. 146, 148-49, 564 P.2d 97, 99-100 (App. 1977), *supp. op.*, 118 Ariz. 154, 155, 575 P.2d

---

And, the committee comment to the 1993 amendment to Rule 26.9 provides:  "The 1993 amendment to Rule 26.9 deleted language to comply with [our supreme court's] decision prohibiting sentencing in absentia."

353, 354 (App. 1978) (same). In 1993, Rule 26.9 was amended, deleting the language that provided "failure of the defendant to appear for sentencing shall not delay the pronouncement and entry of judgment and sentence." 174 Ariz. LXXXVI. As we noted above, the committee comment to the 1993 amendment to Rule 26.9 provides that the amendment was intended "to comply with [our supreme court's] decision prohibiting sentencing in absentia."

¶19 In *Fettis*, our supreme court stated "[w]e do not retreat from our position that a defendant who voluntarily absents himself from a trial may be tried, convicted and adjudged guilty in absentia." 136 Ariz. at 59, 664 P.2d at 209. But the court stated: "We do retreat from our previous position of allowing the defendant to be sentenced in absentia, except in extraordinary circumstances." *Id.* Accordingly, although we agree with the trial court's conclusion that Allen "voluntarily absented himself" from the proceeding, that fact, standing alone, does not constitute an exceptional circumstance that would permit the court to sentence Allen in absentia. Indeed, "a defendant's decision to willfully avoid a sentencing hearing by becoming a fugitive [or refusing transport from the jail to the courthouse] has not been regarded as an extraordinary circumstance sufficient to justify conducting a sentencing in absentia." *Forte*, 222 Ariz. 389, ¶ 11, 214 P.3d at 1034. Under such circumstances, the court has "the means and authority to compel [a defendant]'s appearance regardless of whether [he or she chooses] to appear." *Id.*

¶20 Here, the record does not support the trial court's assertion that it had done "everything possible to keep him [in the courtroom]."[4] While discussing with counsel whether or how to

---

[4]The requirement of "exceptional circumstances" is rooted in common law doctrine. *United States v. Songer*, 842 F.2d 240, 242-43 (10th Cir. 1988); *Johnson v. State ex rel. Eyman*, 4 Ariz. App. 336, 338, 420 P.2d 298, 300 (1966); *see also United States v. Leavitt*, 478 F.2d 1101, 1103-04 (1st Cir. 1973); *United States v. DeValle*, 894 F.2d 133, 138 n.2 (5th Cir. 1990); *United States v. Curtis*, 523 F.2d 1134, 1135 (D.C. Cir. 1975). Rule 43, Fed. R. Crim. P., now permits the federal courts to sentence a defendant in absentia based solely on a defendant's waiver. *See United States v. Achbani*, 507 F.3d 598, 601 (7th Cir. 2007).

advise Allen of his right to an appeal, the court asked a detention officer if Allen was standing outside the courtroom. The officer replied that Allen had gone "downstairs." The court took no action to have Allen brought back into the courtroom and instead reasserted that "he [had] voluntarily walked out." Moreover, although Allen left the courtroom during an emotional outburst, the court made it clear that "[h]e was not removed" for disruptive behavior. Therefore, the court erred in its decision to proceed with Allen's sentencing in his absence. *See Fettis*, 136 Ariz. at 59, 664 P.2d at 209.

¶21 By failing to object below, however, Allen has forfeited the right to seek relief for all but fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607. Our supreme court has signaled that, at a minimum, sentencing in absentia is fundamental error. *Fettis*, 136 Ariz. at 58-59, 664 P.2d at 208-09 (reversing for error not raised below). A sentence in absentia "is a nullity" and requires resentencing. *State v. Hensley*, 160 Ariz. 557, 558, 774 P.2d 1347, 1348 (1989); *State v. Zavala*, 136 Ariz. 356, 358 n.1, 666 P.2d 456, 458 n.1 (1983). The court also has suggested that no prejudice results where the defendant is not physically present in the courtroom but nevertheless has fully participated in the sentencing hearing. *See State v. Adler*, 189 Ariz. 280, 284-85, 942 P.2d 439, 443-44 (1997) (telephonic sentencing); *see also Forte*, 222 Ariz. 389, ¶¶ 18-22, 214 P.3d at 1035-36 (prejudice analysis for sentencing via audiovisual equipment). The circumstances of this case fall between that of an absconding defendant who was not present for any part of the sentencing hearing and one who, although not physically present, was able to participate through other means.

¶22 "We must therefore assess whether the conduct of [Allen]'s sentencing so insulted the basic framework of a criminal sentencing such that the proceeding could no longer serve its core function." *Forte*, 222 Ariz. 389, ¶ 16, 214 P.3d at 1035. The "minimum requirements" for a "reasonable and rational sentencing" include "[a] presentence report based upon [a] personal interview," an opportunity for the court to question and observe the defendant, an opportunity for the defendant to exercise his right of allocution,

and essential warnings regarding the defendant's appellate rights. *Fettis*, 136 Ariz. at 59, 664 P.2d at 209.

**¶23**     Here, Allen was present for most of the sentencing hearing, during which the trial court addressed Allen's criminal history, the presentence report,[5] a mental health report made pursuant to Rule 26.5, Ariz. R. Crim. P., and considered a presentence memorandum filed by Allen's counsel. The court also noted that it had presided over the case for two years and was familiar with Allen. Allen essentially gave a brief allocution, addressing the severity of the recommended sentence, his concern for his family during his incarceration, his willingness to admit guilt, and his mental competency. Although the court did not immediately pronounce his sentence, *see* Ariz. R. Crim. P. 26.10(b), it informed Allen that "the most appropriate sentence" for the forgery conviction was "the presumptive sentence because [the court could not] find any mitigating factors." Allen has not described how he was prejudiced by the fact that the formal pronouncement of sentence did not immediately follow his allocution. *Cf. State v. Anderson*, 210 Ariz. 327, ¶¶ 100-01, 111 P.3d 369, 392 (2005) (defendant must argue specific prejudice when alleging violation of right to allocution before imposition of death sentence).

**¶24**     Nor can Allen show he has been prejudiced by the trial court's failure to advise him of his appellate rights during sentencing. *See* Ariz. R. Crim. P. 26.11. The current appeal demonstrates that Allen was not prejudiced by the omission. In fact, after Allen walked out of the courtroom, defense counsel informed the court: "I have discussed [an] appeal with him, and I'm going to file a Notice of Appeal, so I don't think you need to bring him back in to tell him that." And, his counsel requested that the court appoint appellate counsel, which it did. Moreover, Allen still will have the opportunity to file a Rule 32, Ariz. R. Crim. P., petition for post-conviction relief "within thirty days after the issuance of the . . .

---

[5]Although entitled to a presentence report based on a personal interview, *see Forte*, 222 Ariz. 389, ¶ 17, 214 P.3d at 1035, Allen refused to participate during his interview and "would not even confirm his correct name or date of birth."

mandate in [this] appeal." Ariz. R. Crim. P. 32.4(a); *see also* Ariz. R. Crim. P. 26.11 cmt. Therefore, although the court erred when it sentenced Allen outside of his presence, the decision was not fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607.

## Disposition

¶25 For the foregoing reasons, we affirm Allen's convictions and sentences.