NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC SCOTT VALERO, *Appellant*.

No. 1 CA-CR 14-0314
FILED 1-29-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-137908-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley, joined.

**O R O Z C O**, Judge:

¶1            Eric Scott Valero appeals his conviction and sentence for one count of misconduct involving weapons, a class 4 felony. Valero's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the entire appellate record, no arguable question of law was found. Valero was granted the opportunity to file a supplemental brief in propria persona, but he has not done so. Our obligation is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.2d 89, 96 (App. 1999). Finding no reversible error, we affirm Valero's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2            On July 16, 2012, Sergeant Roth of the City of Glendale Police Department responded to a call. While responding to the call, he came into contact with Valero. Sergeant Roth asked Valero if he was carrying a weapon, and Valero said he was. After conducting a pat-down of Valero's person, Sergeant Roth discovered a firearm in Valero's waistband.

¶3            Sergeant Roth placed Valero in handcuffs and withdrew the gun from Valero's waistband. After inspecting the gun, Sergeant Roth identified it as a loaded nine millimeter Smith & Wesson semi-automatic handgun. Sergeant Roth then placed the gun on the hood of his vehicle and after backup units arrived, it was given to Officer Esh "for chain of custody evidence purposes."

¶4            Valero was subsequently charged, tried and convicted for misconduct involving weapons in violation of Arizona Revised Statutes (A.R.S) section 13-3102.A.4. (West 2015).[1] Valero timely appealed, and we

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2015).

## DISCUSSION

I.      Count One: Misconduct Involving Weapons

¶5          "We view the facts in the light most favorable to sustaining the convictions." *State v. Fimbres*, 222 Ariz. 293, 296, ¶ 2, 213 P.3d 1020, 1023 (App. 2009) (internal citation omitted). We will reverse a conviction only if there is no substantial evidence to support it. *State v. Allen*, 235 Ariz. 72, 75, ¶ 6, 326 P.3d 339, 342 (App. 2014). "Substantial evidence is proof that a reasonable person could accept as adequate to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotations and citation omitted).

¶6          To commit misconduct involving weapons, a person must knowingly possess a deadly weapon or prohibited weapon while the person is prohibited possessor. A.R.S. § 13-3102.A.4. Sergeant Roth testified that Valero told him he was carrying a weapon and that he found a firearm in the front waistband of Valero's shorts. A firearm is a deadly weapon within the purview of A.R.S. § 13-3102.A.4. *See* A.R.S. § 13-3101.A.1 (West 2015).

¶7          A prohibited possessor is a person who has been convicted of a felony and "whose civil right to possess or carry a gun or firearm has not been restored." A.R.S. § 13-3101.A.7(b) (West 2015). At trial, the State admitted a minute entry into evidence reflecting that Valero was convicted for aggravated driving while under the influence of intoxicating liquor, a class 4 felony, in 2000. A Glendale Police Department fingerprint comparison specialist also testified that the fingerprint on the minute entry was a one "hundred percent" match to the fingerprints taken from Valero.

¶8          Moreover, a court employee who oversees the restoration of rights desk testified that Valero filed several applications to have his right to possess a weapon restored and that all of those applications were denied. Based on the forgoing, there was substantial evidence that Valero: 1) possessed a deadly weapon; 2) was previously convicted of a felony; and 3) did not have his right to possess a weapon restored. Thus, we affirm his conviction for misconduct involving weapons.

II.    Sentencing

**¶9**    The trial court sentenced Valero to a less than presumptive term of seven years' imprisonment, with credit for eighty-two days of pre-sentence incarceration.  We will not alter the trial court's sentencing determination absent an abuse of discretion.  *State v. Fillmore*, 187 Ariz. 174, 184, 927 P.2d 1303, 1313 (App. 1996).

**¶10**    After reviewing an Arizona Department of Corrections Automated Summary Report detailing Valero's conviction record, a June 23, 2000 minute entry sentencing Valero to two and a half years' imprisonment for Aggravated Driving While Under the Influence of Intoxicating Liquor, a class 4 felony, an October 27, 2003 minute entry sentencing Valero to two and a half years for Aggravated Driving or Actual Physical Control While Under the Influence of Intoxicating Liquor or Drugs, a class 4 felony, and Valero's booking photographs taken July 17, 2012, the trial court found by clear and convincing evidence that Valero was previously convicted of two felonies.

**¶11**    However, the court also found several mitigating circumstances, including Valero's family needing his support, Valero's health condition, and that he had been a law abiding citizen for the past ten years.  The trial court "[gave] him a lot of credit for that."

## CONCLUSION

**¶12**    We have read and considered counsel's brief and carefully searched the entire appellate record for reversible error and have found none.  *See Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100.  The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and we conclude substantial evidence supported the jury's verdict.  Valero was represented by counsel at all critical stages of the proceedings.  Valero and his counsel were given an opportunity to speak at sentencing, and a legal sentence was imposed.

**¶13**    Counsel's obligations pertaining to Valero's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584, 684 P.2d 154, 156 (1984).  Counsel need do nothing more than inform Valero of the status of this appeal and any future options, unless Counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court.  *See id*. at 585, 684 P.2d at 157.  Valero has thirty days from the date of this decision to proceed, if desired, with a pro per motion for reconsideration or petition for review.

**¶14** For the foregoing reasons, Valero's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama