NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

DEQA GUREYE OSMAN,
*Appellant*.

No. 1 CA-CR 13-0355
FILED 4-7-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-158563-001
The Honorable Pamela Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1**          Deqa Gureye Osman appeals her conviction and imposition of probation for one count of possession of drug paraphernalia, a class six felony.  Osman's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the entire appellate record, no arguable question of law was found.  Osman was granted the opportunity to file a supplemental brief in propria persona, but she has not done so.  Our obligation is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Finding no reversible error, we affirm Osman's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          On November 16, 2011, Officer Chadwick of the Phoenix Police Department was performing surveillance on an apartment after receiving information that khat[1] was being sold there.  Khat contains cathinone and cathine, which are classified as dangerous drugs under Arizona Revised Statutes (A.R.S.) sections 13-3401.6(b)(xii) and (xiv) (West 2015).[2]  Officer Chadwick observed several individuals go into the apartment empty handed, stay for a few minutes and leave carrying white plastic grocery bags.

**¶3**          Pursuant to Officer Chadwick's request, Officer Fuerstenberg followed one of the individual's vehicles in an unmarked police car and Officer Shipley stopped the vehicle after it made an illegal wide turn.

---

[1]          Khat is a plant predominately grown in East Africa and is also referred to as grabba.

[2]          We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

Officer Shipley noticed a white plastic bag on the driver's floorboard, searched the vehicle and discovered the bag contained khat.

¶4 Officer Chadwick knocked on the apartment door and performed a security sweep after a man inside opened the door. Osman told Officer Chadwick she had been living at the apartment for about a month. After obtaining a search warrant, Officer Chadwick discovered twenty-six individual "sandwich baggies" each containing one to two ounces of khat and $1,572 in cash in a purse that also contained Osman's identification. Thirteen pounds of khat were confiscated and the khat sample tested contained "[seventy-six] grams of cathinon[e] in a usable condition."

¶5 Osman was charged[3] and tried for possession of a dangerous drug for sale and possession of drug paraphernalia. She was convicted of the latter charge and was placed on probation for three years. Osman timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2015).

## DISCUSSION

I.     Count Two: Possession of Drug Paraphernalia

¶6 "We view the facts in the light most favorable to sustaining the convictions." *State v. Fimbres*, 222 Ariz. 293, 296, ¶ 2 (App. 2009) (internal citation omitted). We will reverse a conviction only if there is no substantial evidence to support it. *State v. Allen*, 235 Ariz. 72, 75, ¶ 6 (App. 2014). "Substantial evidence is proof that reasonable persons could accept as adequate to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal punctuation and citation omitted).

¶7 To be convicted for possession of drug paraphernalia, a person must:

> [U]se, or . . . possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or

---

[3]     The trial court granted Osman's motion to remand to the grand jury for a redetermination of probable cause on the ground that a testifying witness provided incorrect information to the grand jury about Osman's residence. Osman was also indicted by the grand jury on remand.

otherwise introduce into the human body a drug in violation
of [Title 13, Chapter 34].

A.R.S. § 13-3415.A. (West 2015). In determining whether an object is drug paraphernalia, a court shall consider the proximity of the object to drugs, the existence of any drug residue on the object, and expert testimony regarding its use. A.R.S. § 13-3415.E.4-5., 14.

¶8            Officer Chadwick testified that the twenty six "baggies" found in the apartment each contained between one to two ounces of khat. Moreover, the State offered evidence that the khat sample tested contained seventy-six grams of cathinone. We conclude there was substantial evidence that the bags containing the khat found in the apartment were drug paraphernalia used to "store, contain, [and] conceal" cathinone. *See* A.R.S. § 13-3415.A.

¶9            In its Notice of Disclosure, the State listed witness Jiber Altunian as a "Drug Trafficking Expert." At trial, Altunian testified that it is common for those selling drugs to package them in "small Ziploc bags" and that the bags of khat found in the apartment were packaged in such a way as to suggested they were going to be sold. Thus, we affirm Osman's conviction for possession of drug paraphernalia.

II.      Probation

¶10           The trial court sentenced Osman to three years of probation. We will not alter the trial court's sentencing determination absent an abuse of discretion. *State v. Fillmore*, 187 Ariz. 174, 184 (App. 1996).

¶11           The presumptive sentence for a first time class 6 felony offender is one year imprisonment. A.R.S. § 13-702.D. (West 2015). However, any person convicted for possession of drug paraphernalia is eligible for probation, and the court shall "suspend the imposition or execution of sentence and place the person on probation." A.R.S. § 13-901.01.A. (West 2015). Thus, the trial court did not abuse its discretion by placing Osman on probation.

**CONCLUSION**

¶12           We have read and considered counsel's brief and carefully searched the entire appellate record for reversible error and have found none. *See Clark*, 196 Ariz. at 541, ¶ 49. The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and we conclude substantial evidence supported the jury's verdict. Osman was

STATE v. OSMAN
Decision of the Court

represented by counsel at all critical stages of the proceedings. Osman and her counsel were given an opportunity to speak at sentencing, and a legal sentence was imposed.

**¶13**         Counsel's obligations pertaining to Osman's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Osman of the status of this appeal and any future options, unless Counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See id.* at 585. Osman has thirty days from the date of this decision to proceed, if desired, with a pro per motion for reconsideration or petition for review.

**¶14**         Osman's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama