NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

CORDELL LAMAR JUDE,
*Appellant*.

No. 1 CA-CR 14-0173
FILED 8-13-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-007863-001
The Honorable John R. Ditsworth, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

¶1        Cordell Lamar Jude appeals his conviction and sentence for one count of reckless manslaughter, a class two dangerous felony.  Jude's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), advising this court that after a search of the entire appellate record, no arguable question of law was found.  Jude was afforded the opportunity to file a supplemental brief in propria persona, but he did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Our obligation on appeal is to review "the entire record for reversible error."  *Id.*  Finding no reversible error, we affirm Jude's conviction and modify his sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        In April 2012, Phoenix Police Department Officers Jared Charley and Patrick McBride responded to a call of a shooting at a Taco Bell.  At the scene, Officer Charley found D.A., the victim, lying motionless in the drive through.  D.A. was pronounced dead with a single gunshot wound to the chest.  Jude, who called police to the scene immediately after the incident, admitted to shooting D.A. and complied with police when they arrived.  R.R., Jude's eight months pregnant fiancé, was also in the car during the incident.

¶3        According to Jude, D.A. walked into the drive through lane in front of his car and forced him to slam on his breaks.  D.A. then began yelling and cussing at him and R.R. before he approached the driver's window.  Jude testified that D.A. never verbally threatened to kill him or hijack his vehicle.  Jude stated that he pointed the loaded gun at D.A. to scare him away, but D.A. stayed at his window.  Even though Jude admits to shooting D.A., he maintains that he did so only because D.A. swung a weapon, like a bat, into the car and Jude feared for his and R.R.'s safety.  After a thorough search of the area, police found no bat or similarly shaped weapon.  The only items found near D.A. were a dog leash and a lighter attached to a belt clip.

2

¶4          A.R. was in the car directly behind Jude's in the drive through when the incident occurred. He reported seeing D.A. and his dog walk into the drive through lane in front of Jude's car. A.R. stated the two got into a loud argument and D.A. approached the driver's side window. A.R. testified that D.A. struck Jude's car with something and he heard a "clink." Immediately after, A.R. heard a single gunshot and saw D.A. clutch his chest, yell something, and fall to the ground.

¶5          Jude was charged with second degree murder. A jury convicted Jude of the lesser-included offense, reckless manslaughter. The jury also found the following aggravating circumstances: (1) dangerous offense, (2) threatened use of a deadly weapon during the commission of the crime and (3) physical, emotional, or financial harm to the victim's family. Jude was sentenced to a mitigated term of eight years in prison, and was granted ninety-nine days pre-sentence incarceration credit. Jude timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12.120.21.A.1, 13-4031 and -4033.A.1 (West 2015).[1]

## DISCUSSION

¶6          We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against the defendant. *State v. Lopez*, 209 Ariz. 58, 59, ¶ 2 (App. 2004). We will reverse a conviction only when no substantial evidence supports it. *State v. Allen*, 235 Ariz. 72, 75, ¶ 6 (App. 2014). "Substantial evidence is proof that reasonable persons could accept as adequate to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal punctuation and citation omitted).

I.      Reckless Manslaughter Conviction

¶7          A person commits manslaughter if he recklessly causes the death of another person. A.R.S. § 13-1103.A.1. Under A.R.S. § 13-105.10(c), "[r]ecklessly" is defined as:

> [A] person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross

---

[1]          We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

deviation from the standard of conduct that a reasonable person would observe in the situation.

¶8        Here, Jude admits that he caused D.A.'s death by shooting him once in the chest. Jude aimed his gun at D.A., then shot him in the chest at close range in an attempt to halt a perceived threat. A jury may infer from the evidence that a defendant was aware of the substantial risk created by his conduct. *See State v. McGill*, 213 Ariz. 147, 153, ¶19 (2006) (holding that the jury was reasonable in finding that defendant was aware of a substantial risk to human life when he burned down an apartment building without knowing whether people were inside). Here, Jude's conduct created an obvious and substantial risk to D.A.'s life. Thus, as in *McGill*, a reasonable jury could find that Jude was aware of and consciously disregarded a substantial risk when he shot D.A. *See id.*

¶9        Jude's conduct was also reasonably determined to be unjustified. Under A.R.S. § 13-405.A, the use of deadly physical force in self-defense is justified when "a reasonable person would believe that [it] is immediately necessary to protect himself against the other's use or attempted use of [] deadly physical force." Here, A.R. testified that D.A. hit Jude's windshield, not inside Jude's car. Furthermore, police testified that there were no weapons in the vicinity except a lighter and a woven dog leash, indicating that D.A. did not present an imminent threat to Jude. Therefore, a reasonable jury could find Jude's use of deadly force was unjustified. *See State v. Govan*, 154 Ariz. 611, 615 (App. 1987) (finding that a rational fact-finder could determine defendant acted recklessly when he shot in the victim's direction without a reasonable belief that deadly force was necessary).

¶10        Sufficient evidence supported the jury's determination that Jude's conduct was a gross deviation from the standard of conduct that a reasonable person would observe in the situation. Accordingly, we affirm Jude's conviction for reckless manslaughter.

II.        Sentencing and Presentence Incarceration Credit

¶11        The presumptive sentence for a first time class 2 dangerous felony is 10.5 years imprisonment. A.R.S. § 13-704.A. The trial court sentenced Jude to a mitigated term of eight years' imprisonment with ninety-nine days presentence incarceration credit. We will not alter the trial court's sentencing determination absent an abuse of discretion. *See State v. Walton*, 133 Ariz. 282, 295-96 (App. 1982). "An abuse of discretion is characterized by capriciousness or … by a failure to conduct an adequate

investigation into the facts necessary for an intelligent exercise thereof." *Id.* at 296.

**¶12**        Despite the presence of two aggravating circumstances in addition to a finding of dangerousness, the trial court found that multiple mitigating circumstances warranted a reduced sentence. The trial court properly exercised its discretion by weighing the aggravating and mitigating circumstances. *See id.* Accordingly, we affirm the trial court's sentence of eight years' imprisonment.

**¶13**        However, the trial court erred by awarding only ninety-nine days of presentence incarceration credit. Failure to award full credit for time served in presentence incarceration is fundamental error that may be raised at any time. *State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005). To calculate presentence incarceration credit, we include the first day of custody but exclude the day of sentencing. *See State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993); *State v. Lopez*, 153 Ariz. 285, 285 (1987). Here, Jude was convicted and placed in custody on November 20, 2013, and remained in custody until sentencing on February 28, 2014, totaling one hundred days. Thus, we modify Jude's presentence incarceration credit to one hundred days.

## CONCLUSION

**¶14**        We have read and considered counsel's brief, and carefully search the entire appellate record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and we conclude substantial evidence supported the jury's verdict. Jude was represented by counsel at all critical stages of the proceedings. Jude and his counsel were given an opportunity to speak at sentencing, and a legal sentence was imposed.

**¶15**      Counsel's obligations pertaining to Jude's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Jude of the status of this appeal and any future options, unless Counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See id.* at 585. Jude has thirty days from the date of this decision to proceed, if desires, with a pro per motion for reconsideration or petition for review.

**¶16**      We affirm Jude's conviction and modify his sentence to include one hundred days of presentence incarceration credit.



Ruth A. Willingham · Clerk of the Court
FILED: RT