NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

v.

LORI ANN MORRIS, *Appellant.*

No. 1 CA-CR 17-0738
FILED 1-10-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2016-109217-001
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**W E I N Z W E I G**, Judge:

¶1        Lori Ann Morris appeals her conviction and sentence for forgery, a class 4 felony.  She argues the evidence is insufficient to support her conviction.  We disagree and therefore affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        Morris tried to cash a fake check from Aqua Chill, her former employer, at a grocery store.  She had never before cashed a check at the grocery store, which was far from where she was later purported to be driving.  The store clerk said she needed to first register in the store's system. The clerk asked for identification, fingerprints and a picture. Once registered, the clerk scanned the check into the system and a red flag appeared on the screen, warning the clerk to decline the check.  Morris waited as the clerk spoke with a store manager.  The grocery store's surveillance video showed Morris was pacing and appeared nervous. Morris heard the clerk or manager use the word "fraudulent" and fled the scene, leaving the fake check behind.

¶3        Police investigated.  The check indicated it was issued by National PEO, which processes checks for Aqua Chill, but National PEO denied issuing the check.  The check was printed on different paper than usual, with dissimilar dimensions, perforation and font.  The check lacked a distinctive watermark.  Additionally, the printed address on the check did not align with the address window located on the envelope Morris claimed it came in.  The check number was thousands of numbers ahead of her final two paychecks from Aqua Chill, which she cashed just days earlier at a Walmart near her home.

¶4        The State charged Morris with forgery, a class 4 felony.  A.R.S. § 13-2002(A), (C).  A five-day jury trial ensued with several witnesses who

---

[1]        We view the evidence in the light most favorable to the prosecution. *See State v. Goudeau*, 239 Ariz. 421, 461, ¶ 169 (2016).

testified, including Morris, a detective who specialized in forgery, the grocery store's employee, National PEO's payroll supervisor and Aqua Chill's accountant.

**¶5**　　　　Morris moved for a judgment of acquittal after the close of the State's case at trial under Arizona Rule of Criminal Procedure 20, arguing the State failed to prove Morris knew the check was forged and acted with an intent to defraud. The superior court denied the motion.

**¶6**　　　　For her defense, Morris argued the state lacked sufficient evidence. Morris and her father testified she had received the check in the mail, and Morris believed that Aqua Chill sent the check to reimburse her for overpayments she allegedly made for medical benefits. A unanimous jury found Morris guilty of the charged forgery and the court sentenced her to nine years in prison. Morris timely appealed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶7**　　　　The sole issue on appeal is whether sufficient evidence supports the forgery conviction. Morris argues no evidence was presented indicating she intended to defraud and, in its absence, the court should have granted her motion for judgment of acquittal. A.R.S. § 13-2002(A) (forgery requires an "intent to defraud"). A person has the requisite intent if the person's objective is to cause a result or engage in conduct that the statute proscribes. A.R.S. § 13-105(10)(a).

**¶8**　　　　We review *de novo* the superior court's denial of a motion for judgment of acquittal and will affirm if substantial evidence supports the conviction. *Goudeau*, 239 Ariz. at 461, ¶¶ 168-69. "Substantial evidence is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id.* at 461, ¶ 169 (quotation omitted). Circumstantial evidence is sufficient to show an intent to defraud. *State v. Allen*, 235 Ariz. 72, 76, ¶ 13 (App. 2014).

**¶9**　　　　The superior court did not err in denying Morris's motion because substantial evidence supported her intent to defraud. Ariz. R. Crim. P. 20(a) (defendant must be acquitted "if there is no substantial evidence to support a conviction"); *State v. Sullivan*, 205 Ariz. 285, 287, ¶ 8 (App. 2003) ("In many cases [fraudulent intent] must be inferred from acts of the parties, and inferences may arise from a combination of acts, even though each act or instance, standing by itself, may seem unimportant."

(quoting *State v. Maxwell*, 95 Ariz. 396, 399 (1964))). Morris tried to cash a fake check, nervously paced as the clerk examined the check and fled when she heard someone use the word "fraudulent," leaving the fake check behind. The detective opined that Morris was nervous and fled because "it was taking too long." The check was unlike two Aqua Chill checks that Morris had cashed just days earlier. Morris had never cashed a check at the grocery store before and was thus unknown to its staff, and the location was far from her intended destination. Finally, she claimed the check arrived in a particular envelope, but the envelope's transparent address window did not align with and would not show the address printed on the check.

¶10     We are not persuaded by Morris' attempt to point to evidence she believes is more favorable for her position while discounting evidence that supports her conviction. We will not reweigh the evidence or invade the jury's province. *See State v. West*, 226 Ariz. 559, 562-63, ¶¶ 16, 18 (2011).

**CONCLUSION**

¶11     We affirm Morris' conviction and sentence.

